STATE OF NORTH DAKOTA, Defendant in Error, v. JOHN HAAS, Plaintiff in Error.

### Intoxicating Liquors—Constitutional Law—Title of Act.

Chapter 110 of the Laws of 1890, entitled "An act to prescribe the penalties for the unlawful manufacture, sale, and keeping for sale of intoxicating liquors and to regulate the sale, barter, and giving away of such liquors for medicinal, scientific, and mechanical purposes," is not in conflict with § 61 of Article 2 of the state constitution, which provides that "no bill shall embrace more than one subject which shall be expressed in its title, but a bill which violates this provision shall

be invalidated thereby only as to so much thereof as shall not be só expressed."

(Opinion Filed Oct. 30, 1891.)

*ERROR* to district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*Tilly & Stewart,* for plaintiff in error. *C. A. M. Spencer,* Atty. Gen., *L. A. Rose,* States Atty. for Cass Co., and *Chas. A. Pollock,* for the State.

John Haas was convicted for an illegal sale of intoxicating liquors, and brings error, claiming the statute prohibiting the sale in certain cases to be unconstitutional. Affirmed.

The facts and authorities cited by counsel are fully set forth in the opinion.

The opinion of the court was delivered by

CORLISS, C. J. The plaintiff in error, having been convicted under the provisions of chapter 110 of the Laws of 1890 of the offense of keeping and maintaining a place for the sale of intoxicating liquors, and in which such liquors were sold, in violation of law, now and here insists that the judgment of conviction is void because of the unconstitutionality of this act. No other question is raised. The portion of the state constitution alleged to be violated by this law is § 61 of article 2, which provides that "no bill shall embrace more than one subject, which shall be expressed in the title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed." We are clear that chapter 110 of the Laws of 1890 does not embrace more than one subject. An analysis of this law will make this apparent. Section 1 declares unlawful the manufacture, importing for sale or gift, the keeping for sale, the selling or offering for sale, gift, barter, or trade, of any intoxicating liquors, and prescribes penalties for a violation of the section. By a proviso, registered pharmacists are excepted from the section, and it is provided that they may sell such liquors for medicinal, mechanical, and scientific purposes, and wine for sacramental purposes, as thereinafter provided.

The balance of the act, excepting §§ 2, 3, 4, 5, 7, and 24, "prescribes," to quote the language of counsel for plaintiff in error, "remedies, procedure, etc., in furtherance of the enforcement of the prohibition of the unlawful sale as a beverage." The excepted sections regulate the sale of such liquors for medicinal, mechanical, scientific, and sacramental purposes. This bare statement ought to suffice to show how utterly groundless is the claim that the act embraces more than one subject. It relates solely to the one subject of regulating the manufacture and sale of intoxicating liquors. A system which prohibits the sale for certain purposes, and permits a sale for certain other purposes, under specific restrictions and regulations, is a system whose single purpose and operation are the regulation of the sale of intoxicating liquors. Every provision of the law is subsidiary to and in furtherance of this great object. There is nothing in the law foreign to this single subject. All the provisions of it converge to this one point. It is difficult to find in the books a case where it has been claimed that an act embraced more than a single subject with less to justify the claim than in the case at bar. There is nothing in the point that the constitution has, by prohibiting the sale of intoxicating liquors as a beverage, made that a subject distinct from all other control of the traffic in such liquors. A constitution cannot make foreign to each other those provisions which are in their nature germane; nor can any such purpose be tortured by construction out of this constitutional inhibition. It is hardly necessary to cite authorities in so plain a case. It is impossible to refer to all which sustain our view. We will select only a few out of the great mass: Hronek v. People, 134 Ill. 139, 24 N. E. Rep. 861; Evansville v. Bayard, 39 Ind. 450; Ramagnano v. Crook, 85 Ala. 226, 3 South. Rep. 845; Fahey v. State, 27 Tex. App. 140, 11 S. W. Rep. 108; Hart v. Scott, 50 N. J. Law 585, 15 Atl. Rep. 272; Easton v. Railroad Co., 52 N. J. Law 267, 19 Atl. Rep. 722; State v. Madison, 43 Minn. 438, 45 N. W. Rep. 856; People v. Haug, — Mich. —, 37 N. W. Rep. 21. It seems to be urged that the law is a prohibition law, and also a law regulating the liquor traffic. It is only the latter. Every law regulating the sale of liquor is necessarily prohibitory in some

respects. A license law prohibits all who are unable to procure a license. It usually embodies a prohibition of sales to minors, drunkards, etc. It forbids sales on the Sabbath and between specified hours of the day on week days. The law in question only prohibits the sale as a beverage. A case peculiarly in point is Hart v. Scott, 50 N. J. Law, 585, 15 Atl. Rep. 272. It was there insisted that the title, "An act to regulate the sale of intoxicating and brewed liquors," did not express the provision in the body of the act, which prohibited the sale of such liquors by the small measure. In adjudging this contention unsound the court said: "Assuming that the extreme effect of this legislation is to forbid the sale by small measure, in my judgment it must be regarded as a law regulating the sale of intoxicating and brewed liquors. It regulates the sale by prohibiting it in small quantities. Every license law is to some extent a prohibitory law. It prohibits the sale by all persons who have no license. But it is said that the prohibition is absolute within the sphere in which the law operates—that is, as to the sale by the small measure. So is the law which absolutely forbids the sale by the small measure on Sunday or election day. So would be a law which prohibited a sale to minors, or within a certain distance from a college. Such laws are, therefore, none the less regulations of the liquor traffic. They operate as a check—as a partial restraint—upon the sale, not an absolute inhibition, and are in the strictest sense regulations. The regulation becomes more or less stringent as you increase or diminish the extent to which it operates to prevent sales, but it reaches the point of prohibition and ceases to be regulation only when it wholly inhibits the traffic." There is only one point in which it is claimed that the title fails to express what is embodied in the act. The title is as follows: "An act to prescribe penalties for the unlawful manufacture, sale, and keeping for sale intoxicating liquors, and to regulate the sale, barter, and giving away for medical, scientific, and mechanical purposes." It is urged that it is not disclosed by this title that the act declares, as it does, the manufacture, sale, and keeping for sale of liquors as a beverage to be unlawful. But the constitution had already made that declaration, and all that was needed to supplement the

fundamental law were penalties, to be prescribed by the legis-
lature.    Every one, therefore, was informed by the title that
that law, among other things, would prescribe penalties for the
manufacture, sale, and keeping for sale of liquor as a beverage,
such conduct having already been declared unlawful by the
organic law; and no one was deceived because the act in terms
reiterated the prohibition of the constitution, nor was any force
added to that prohibition by the prohibition of the statute.    The
judgment of the district court is affirmed.    All concur.