[No. 1534.]

STATE OF NEVADA, EX REL. JOHN WILSON, RELATOR, v. W. H. STONE, JUSTICE OF THE PEACE AND EX OFFICIO REGISTRY AGENT, IN AND FOR CARSON TOWNSHIP, ORMSBY COUNTY, NEVADA, RESPONDENT.

CONSTITUTIONAL LAW—ELECTIONS—REGISTRATION. Section 6 of article II of the state constitution authorizes and requires the legislature to provide by law for the registration of all persons who possess the prescribed qualifications of electors, and the imposing of any conditions on the right of registration, other than the prescribed qualification, is in excess of the authority of the legislature.

IDEM—IDEM—IDEM—QUALIFICATION OF ELECTORS—PAYMENT OF POLL TAX. The legislature may, by the enactment of a proper law, add to the qualifications of electors, prescribed by section 1 of article II of the constitution, the requirement of the payment of an annual poll tax.

IDEM—IDEM—IDEM—STATUTES—TITLE MUST EXPRESS OBJECT. The act of 1897, making the payment of the annual poll tax a condition to the right of voting, is unconstitutional, as its title, "An act to require the payment of poll tax by all legal voters under sixty years of age," does not comply with the constitution (art. IV, sec. 17), providing that the subject or object of a law shall be briefly expressed in its title.

ORIGINAL PROCEEDING by the State, on relation of John Wilson, against W. H. Stone, Registry Agent, for *mandamus*, to compel the registration of his name as a legal voter. Writ granted.

The facts sufficiently appear in the opinion.

*William Woodburn*, for Relator.

*A. J. McGowan*, for Respondent.

By the Court, BONNIFIELD, J.:

The relator applied to the respondent, a justice of the peace and ex officio registry agent of Carson township, Ormsby

county, to be registered as a voter. The respondent refused to register his name, on the ground that the relator did not exhibit a poll tax receipt for the year 1897 and 1898, as required by an act of the legislature entitled "An act to require the payment of poll tax by all legal voters under sixty years of age," approved February 9, 1897.

It appears that the relator possesses all the qualifications of an elector as prescribed by section 1, article II of the constitution of this state. The payment of poll tax is not among such qualifications. The relator, to test the validity of said act, petitions this court for a writ of *mandamus* to compel the respondent to register his name under the provisions of the general registration law.

Section 6 of article II of the constitution requires that: "Provision shall be made by law for the registration of the names of the electors within the counties of which they may be residents, and for the ascertainment, by proper proofs, of the persons who shall be entitled to the right of suffrage, as hereby established, to preserve the purity of elections, and to regulate the manner of holding and making returns of the same; and the legislature shall have power to prescribe by law any other or further rules or oaths as may be deemed necessary as a test of electoral qualification."

In conformity to the above requirements of said section 6, the legislature in 1869 passed the existing general registration act. Considering the provisions of this act alone, the relator is entitled to be registered thereunder; but the act in question of 1897 modifies the provisions of the general registration act, to wit: "Section 1. The name of no person under the age of sixty years shall be registered by any registry agent until such person shall exhibit a proper receipt for the poll tax required by law for the then current year, and also for the preceding year, when such person shall have been an inhabitant of the State of Nevada during the last six months of the preceding year; * * *."

Said Section 6 of article II of the constitution authorizes and requires the legislature to provide by law for the registration of all persons who possess the prescribed qualifications of electors, but it does not authorize the legislature to impose any conditions on the right of registration other than

the prescribed qualifications of electors, and when the legislature does so it exceeds its authority.

In *Clayton* v. *Harris*, 7. Nev. 64, it is held that: "Under article II, section 6 of the constitution, the legislature can prescribe what oath or oaths may be necessary as a test of electoral qualification, *but it cannot impede or trammel the right of suffrage by adding new qualifications.*"

Registration is not an electoral qualification, but is only a means for ascertaining and determining in a uniform mode the persons who possess the prescribed electoral qualifications, and to secure in an orderly and convenient manner the right of voting. (*Boyle* v. *Board of Examiners*, 21. Nev. 67.)

But it is argued that section 7 of article II of the constitution authorizes the legislature to make the payment of an annual poll tax a condition to the right of voting, and that the act in question has done so. It is true that the constitution confers such power. The legislature may, by the enactment of a proper bill, add to the electoral qualifications prescribed by said section 1, article II, the payment of an annual poll tax, and when it does the payment of such tax may be made one of the conditions of registration, and not before.

If the object of the act of 1897 was " to make the payment of an annual poll tax a condition to the right of voting," then its title, "An act to require the payment of poll tax by all legal voters under sixty years of age," is deceptive and misleading, and does not express the object or subject of the act, and does not conform to the requirements of section 17, article IV of the constitution. Said section requires that the subject or object of every law enacted by the legislature shall be briefly expressed in the title. That a compliance with this provision of the constitution is essential to the validity of every law enacted by the legislature, has been so often decided by this court that it is not worth while to cite the cases.

If the object of the act was " to require the payment of poll tax by all legal voters under sixty years of age," as expressed in its title, then the legislature signally failed of its purpose, for the body of the act does not require any one

to pay any poll tax. Whatever may have been the object of the act in the contemplation of the legislature, we have this spectacle presented to us: The title of an act without a corresponding act and an act without a corresponding title.

We are of opinion that the act, for the foregoing reasons, is unconstitutional.

The writ prayed for is granted.

MASSEY, J.: I concur.

BELKNAP, C. J., did not participate in this decision.