[No. 1755.]

## THE STATE OF NEVADA, RESPONDENT, v. GEORGE GIBSON, APPELLANT.

1. STATUTES — SUBJECTS AND TITLES OF ACTS — CONSTITUTIONAL PROVISIONS. Under Const. art. IV, sec. 17, providing that each law shall embrace but one subject, and matter properly connected therewith, which shall be expressed in the title, the title of act of March 4, 1907 (Stats. 1907, p. 59, c. 32), entitled "An act to provide for the appointment of stenographers on the hearing of preliminary examinations, before committing magistrates, and to regulate the compensation therefor," is not sufficiently broad to include a provision for the subsequent use of the testimony on the trial.

2. SAME—AMENDMENT. The act of March 4, 1907 (Stats. 1907, p. 59, c. 32), entitled "An act to provide for the appointment of stenographers on the hearing of preliminary examinations before committing magistrates and to regulate the compensation therefor," and providing in section 2 that the report of the stenographer shall be admissible in evidence on the trial of the case, as prescribed by Crim. Prac. Act, sec. 151 (Comp. Laws 4121), providing that, by consent of the parties, the testimony may be reduced to writing, and used by either party when the witness is sick, out of the state, dead, or when his personal attendance cannot be had in court, is repugnant to Const. art. IV, sec. 17, providing that no law shall be revised or amended by reference to its title only, but in such case the act as revised, or the section as amended, shall be reënacted and published at length.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *M. A. Murphy*, Judge.

George Gibson was convicted of murder, and from orders denying his motions in arrest of judgment, and for a new trial, he appeals. **Reversed and remanded for new trial.**

The facts sufficiently appear in the opinion

*Thompson, Morehouse & Thompson*, for Appellant.

*R. C. Stoddard*, Attorney-General, for Respondent.

By the Court, SWEENEY, J.:

Defendant was indicted for the crime of murder, for killing Richard Maunsell, in Goldfield, Nevada, on the 18th day of August, 1907, was tried in the district court at said place, and the jury in said case returned a verdict of involuntary manslaughter, whereupon the court sentenced defendant to three years' imprisonment in the Nevada State Penitentiary.

From the orders denying defendant's motions in arrest of judgment, and for a new trial, defendant appeals.

It appears from the transcript that, at the time Maunsell was killed, he was in company with Sam Powell and Theodore Tobish, and that these two parties were the prosecution's main witnesses at the preliminary hearing of the defendant in the justice's court, and upon whose testimony chiefly the defendant was bound over to the grand jury, which later indicted him. Upon the trial of the cause in the district court the witness Powell was not present; the state being unable to produce him. At the preliminary hearing the testimony of Powell was taken down in shorthand, pursuant to an act of the legislature entitled "An act to provide for the appointment of stenographers upon the hearing of preliminary examinations before committing magistrates in this state, and to regulate the compensation therefor," approved March 4, 1907 (Stats. 1907, p. 59, c. 32). This testimony was thereafter transcribed and duly sworn to by said stenographer. The attorney for the state offered in evidence his testimony taken at the preliminary hearing, and asked permission of the court to read into the record and to the jury the testimony of Powell so taken. Over the objection of counsel for defendant the court acceded to the request of the prosecution, and admitted said testimony in evidence. The defendant assigns as error the admission of this testimony of Powell taken at the preliminary hearing, upon the ground chiefly that the act of the legislature, under which said testimony was taken at the preliminary hearing, is unconstitutional and void. There are other errors assigned, but it will be unnecessary for us to consider them.

The act of the legislature complained of, which attempts to render admissible on the trial of an action testimony taken by an appointed stenographer at the preliminary hearing, reads as follows:

"An act to provide for the appointment of stenographers upon the hearing of preliminary examinations before committing magistrates in this state, and to regulate the compensation therefor.

"Section 1. In all preliminary examinations or criminal

proceedings before any committing magistrate in this state, where the defendant or defendants are charged with the crime of felony, such magistrate, if he deems it necessary for the best interests of justice, is hereby authorized to employ a stenographer to take down all the testimony and proceedings on said hearing and examination, and within such time as the court may designate have the same transcribed into long-hand or typewritten transcript. The stenographer employed as aforesaid shall be sworn by the magistrate before whom such proceedings are held to take down in shorthand verbatim, truthfully and correctly, such proceedings and testimony, and to make a true and correct transcript of the same into long-hand or typewritten transcript; and said stenographer shall make affidavit before some official qualified to administer an oath that the evidence and proceedings so transcribed are true and correct as given and had, and attach the same to the transcript.

"Sec. 2. When such report is made, the same, when transcribed and sworn to as aforesaid, shall be deemed a correct statement of the evidence and proceedings given and had therein, and shall be admissible in evidence on the trial of the case, as prescribed in section 151 of the criminal practice act of the State of Nevada.

"Sec. 3. The compensation for said stenographer for taking down the said testimony and transcribing the same, shall be fixed by the court hearing the same, and on the order of the court be paid out of the treasury of the county in which the same is heard.

"Sec. 4 All acts or parts of acts in conflict herewith are hereby repealed.

"Sec. 5. This act shall take effect immediately."

Section 151 of the criminal practice act of Nevada, attempted to be amended by the above act, reads (Comp. Laws, 4121):

"The witnesses shall be examined in the presence of the defendant, and may be cross-examined in his behalf. If either party so desire, the examination shall be by interrogatories, direct and cross; *provided*, by consent of parties, the testimony may be reduced to writing in narrative form. The testimony so taken may be used by either party on the

trial of the cause, and in all proceedings therein, when the witness is sick, out of the state, dead, or when his personal attendance cannot be had in court. When the testimony of each witness is all taken, the same shall be read over to the witness; or, if he refuses to sign it, the fact of such refusal, and any reasons assigned therefor, must be stated, and the same shall be tested by the magistrate. And such testimony so reduced to writing, and authenticated according to the provisions of this section, shall be filed by the examining magistrate with the clerk of the district court of his county, and in case such prisoner be subsequently examined upon a writ of *habeas corpus* such testimony shall be considered as given before such judge or court."

Let us examine this act of the legislature in the light of the constitutional restrictions of the Constitution imposed upon the legislature in enacting laws.

Section 17 of article IV of the Constitution of Nevada provides:

"Each law enacted by the legislature shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be revised or amended by reference to its title only, but, in such case, the act as revised, or the section as amended, shall be reënacted and published at length."

Viewed in the light of this constitutional provision, two queries present themselves, which we will consider in their order. Does the act complained of embrace but one subject, and matter properly connected therewith, briefly expressed in the title? Is section 151 of our criminal practice act (Comp. Laws. 4121) attempted to be amended, revised, and published at length as provided by the Constitution? By no interpretation of the language of this act is it possible to give an affirmative answer to either of these queries; but, on the contrary, section 2 of the act is in plain violation of these mandatory provisions of the Constitution, and is therefore unconstitutional and void. An examination of the title to the act in question reveals that it has reference only to the appointment of a stenographer, and fixing the compensation therefor. Nowhere in the title of the act is there any refer-

ence to the testimony being thereafter used as evidence, or at all. Section 2 of said act, therefore, clearly violates section 17 of article IV of the Constitution of our state, because the subject-matter is not embraced in the title of the act, nor can it be said that the subject-matter of section 2 is germane to the subject-matter defined in the title of the act. Section 2 of the act in question is also repugnant to section 17 of article IV of the Constitution, because it attempts to amend section 151 of the criminal practice act, by simply referring thereto, without setting out, reënacting, and publishing said section, as expressly provided must be done, by the Constitution, whenever a law in force is to be revised or amended.

The Supreme Court of Colorado, in discussing with what clearness the title of an act must define the subject-matter contained therein, said: "The matter covered by legislation is to be 'clearly' not 'dubiously' or 'obscurely' indicated by the title. Its relation to the subject must not rest upon a merely possible or doubtful inference. The connection must be so obvious as that ingenious reasoning, aided by superior rhetoric, will not be necessary to reveal it. Such connection should be within the comprehension of the ordinary intellect, as well as the trained legal mind." (*Brooks* v. *People*, 14 Colo. 413, 24 Pac. 553.) If the title of an act must be as clearly expressed as indicated by the Supreme Court of Colorado, and we believe it should, it would be difficult, under any stretch of the imagination, to conceive, by the reading of the title of the act in question, that it was intended to establish a rule of evidence thereby and make the testimony, when taken by a stenographer, admissible in evidence. It would be difficult to find a more palpable violation of this constitutional provision, regarding the requisite entitlement of an act, than in the act under consideration. The act of 1907 does not properly amend section 151 of our criminal practice act as prescribed by our Constitution.

In *Copeland* v. *Pirie*, 26 Wash. 481, 67 Pac. 227, 90 Am. St. Rep. 769, the Supreme Court of Washington, in speaking of the vice inhibited by our Constitution in regard to amending laws in force, very concisely states the proper rule to be applied in determining the validity of a statute in this respect:

"But where, as in this case, the new act is not complete, but refers to a prior statute, which is changed, but not repealed, by the new act, so that the full declaration of the legislative will on the subject can only be ascertained by reading both statutes, only obscurity and tendency to confusion will be found, which constitutes the vice prohibited by this section of the Constitution." You cannot get to the declaration of the legislative will unless you read both section 151 of the criminal practice act and section 2 of the statute of 1907, because the act of 1907 nowhere says: "If the witness be out of the state or dead or sick or his personal attendance cannot be had in court." The foundation, therefore, upon which to make the testimony admissible at all, is not section 2, which must be read with section 151, *supra.* The two acts must therefore be read together. Therefore section 2, *supra,* is unconstitutional, because it is not a complete act in itself, nor is it amendatory of section 151, *supra,* because not passed as an amendatory act, nor set out at length, nor reënacted. The title nowhere speaks of amending section 151, *supra,* nor does it anywhere speak of testimony, nor the use of the testimony when taken, nor its effect or purpose at a trial. The use of the words "upon the hearings of preliminary examinations" certainly cannot convey any idea of amending section 151, *supra,* or that the stenographer's notes or transcripts shall be testimony, or how, or when, or under what circumstances the same can be used at the trial.

"In the light of the principles there can be no reasonable doubt, we think, that so much of the act, and the act amendatory thereof, as is relied on in the present case, is repugnant to the Constitution, and therefore void. * * * We do not see how argument can make plainer the invalidity of the act in the particular mentioned. It gave not the remotest intimation of the provisions of the act relied on here, which are foreign to the subject expressed in the title; and to sustain the act in its entirety would be, in effect, by judicial construction, to eliminate from the Constitution one of its most important provisions, or at all events, to seriously impair its usefulness. This the courts have no power to do."

(*Fidelity Co.* v. *S. V. R. R. Co.*, 86 Va. 1, 9 S. E. 759, 19 Am. St. Rep. 858.)

And Judge Cooley says: "It is no answer to say that the title might have been made more comprehensive, if, in fact, the legislature had not seen fit to make it so." (Cooley, Const. Lim. 7th ed. p. 212.)

The same doctrine as to restrictive title to acts under our Constitution is fully indorsed by our supreme court in *State* v. *Hallock*, 19 Nev. 384.

In *Henderson* v. *London Ins. Co.*, 135 Ind. 23, 34 N. E. 565, 20 L. R. A. 827, 41 Am. St. Rep. 410, the Supreme Court of Indiana, under the same constitutional provision as our own, says. "If the subject is composed of two or more essential elements, the expression of one of such elements in the title would not suffice. The absence of one of such elements in the title would be misleading, and might be as pernicious as the evils sought to be obstructed by the Constitution." If the purpose of the act of 1907 is to make the stenographer's transcript testimony, there is an entire absence of any such element in the title. No one expects, in reading the title of this act, that section 2 will make the stenographer's transcript testimony. The only purpose one would expect in reading the title would be the appointment of a stenographer and fixing his compensation.

In *State* v. *Nomland*, 3 N. D. 427, 57 N. W. 85, 44 Am. St. Rep. 572, the Supreme Court of North Dakota says, quoting from Sutherland on Statutory Construction: "It is not enough that the act embraces but a single subject or object, and that all its parts are germane. The title must express that subject, and comprehensively enough to include all the provisions in the body of the act." It is manifest that the title to the act of 1907 does not express or include the subject-matter embraced in section 2.

Our supreme court, in the case of *State ex rel. Wilson* v. *Stone*, 24 Nev. 308, has said: "That a compliance with this provision of the Constitution is essential to the validity of every law enacted by the legislature has been so often decided by this court that it is not worth while to cite

cases." Viewed in the light of the foregoing authorities, and from a mere reading of section 17 of article IV of the Constitution of Nevada, it is manifest that the title to this act under consideration is not broad enough to include section 2; and, as the act is not complete in itself, it cannot amend section 151 of our criminal practice act. The transcript of the testimony of Powell was not, therefore, admissible in evidence, because of the unconstitutionality of section 2 of said act, which section is void and of no effect; and, not being admissible under any other phase of the law, the admission of such testimony was of such prejudice to the defendant that it amounts to reversible error.

The judgment and order of the lower court denying defendant a new trial are reversed, and said cause remanded for a new trial.