[File No. 6801.]

E. N. DORNACKER, a Sole Trader Doing Business under the Name and Style of Midwest Novelty Company, Appellant, v. ALVIN C. STRUTZ, as Attorney General of the State of North Dakota, Respondent.

(1 NW(2d) 614)

Opinion filed December 30, 1941.   Rehearing denied January 26, 1942

*Scott Cameron,* for appellant.
*Alvin C. Strutz,* Attorney General, for respondent.

NUESSLE, J.   Plaintiff herein seeks to restrain the defendant as the attorney general of the state of North Dakota from proceeding to collect from the plaintiff license taxes upon certain coin-operated electric phonographs pursuant to the provisions of chapter 181, Session Laws 1941.   Trial was had to the court.   Judgment for the defendant was ordered and entered, and plaintiff appeals.

The facts are not in dispute.   The plaintiff owns and maintains for use certain electric automatic phonographs which are so arranged that persons desiring to operate them select from a list appearing on them the musical record they wish to hear, and by the insertion of a coin in a slot provided for that purpose the mechanical part of the instrument is set in motion so that the particular number selected is reproduced and amplified through the medium of an amplifying system in the same manner as in a phonograph operated by manual control.

Chapter 181, Session Laws 1941, entitled "An Act to license and regulate the operation of amusement games; levying a tax therefor, appropriating revenue derived therefrom, and repealing all Acts and parts of Acts in conflict therewith," provides:

"Section 1.   It shall be unlawful for any person or persons, firm or corporation to set up for operation, operate, lease or distribute for the purpose of operating any coin-operated amusement device which can be legally operated in the State of North Dakota, without first having obtained a license therefor.

"Section 2. Amusement games shall include such games and devices as electric ray guns, music boxes, picture boxes, bumperball or pinball, and other similar miniature games, whether or not they show a score, where the charge for playing is collected by a mechanical device, provided, however, that this Section shall not be construed to apply to any machine which may constitute a lottery under the laws of this State."

This statute further provides for the securing of the required license, penalizes the displaying of the device subject to license for operation by the public without first obtaining such a license, makes it the duty of the attorney general's department to administer and enforce the provisions of the act, and provides for the disposition of the license moneys resulting from its enforcement.

The defendant, the attorney general of the state, contending that the plaintiff's above described machines placed and maintained by him are within the purview of chapter 181, is seeking to enforce the provisions of that statute. The plaintiff seeks to restrain him from doing so, contending, first, that the machines in question are not within the definition of amusement games defined in § 2 of the statute, supra, and next that even though they be, that the statute so far as it affects such machines and their operation is unconstitutional and void for the reason that the Act in that respect is wider than the title and therefore violates § 61 of the Constitution of the State of North Dakota, providing that "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed."

In support of his first contention, the plaintiff argues that a phonographic machine, such as is involved in this proceeding, is not an amusement game within the definition of § 2 of the statute, supra; that it is not named as one of the games or devices which the statute enumerates, and cannot be included by any reasonable inference within those thus named and enumerated; that it is not a music box and cannot be considered as any of the other devices designated; that at most it is a mechanical contrivance designed for the use of persons who may seek musical entertainment and are willing to pay the coin required to set the mechanism in operation; that if the instrument is to be designated

otherwise than as a phonograph, it can only be classed as "a mechanical vending machine" by which music is sold to those who put it into operation.

. We are unable to agree with the plaintiff in these respects. We think the machines in question are music boxes within the meaning of that term as used in § 2 of the Act. Certainly such a machine consists of a mechanism that is contained within some sort of a frame or container. It is known in popular parlance as a "juke box." It vends music and its purpose in so doing is to provide amusement. So as evidenced by § 2 of the Act, the legislative purpose is clear that such machines shall be licensed.

The second contention advanced by the plaintiff is more serious. § 61 of the Constitution, supra, requires that the subject of an act be expressed in its title. This section has been considered by this court many times. Its purpose is clear. The subject of an act must be expressed in its title in order to apprise the public, as well as the members of the legislature themselves, of the purpose and object of the legislation thus entitled; and if the title fails in this respect than, in so far as it fails, the act must be held void. State ex rel. Standish v. Nomland, 3 ND 427, 57 NW 85, 44 Am St Rep 572; State v. Isensee, 64 ND 1, 249 NW 898.

This court, considering § 61 of the Constitution, in the case of Powers Elevator Co. v. Pottner, 16 ND 359, 113 NW 703, said: "This section of the Constitution has been construed in several cases. In those cases several principles have been laid down as guides in the construction of the section that should be applied in this case: (1) The law will not be declared unconstitutional on account of the defect unless it is clearly so. (2) The title should be liberally construed, and not in a strict or technical manner. (3) If the provisions of the act are germane to the expressions of the title, the law will be upheld. (4) The object to be gained by the enactment and enforcement of the constitutional provision is to advise the legislature and the public of the substance of the act and to prevent surprise, fraud and the enactment of laws upon incongruous and independent matters under one title. (5) The section of the Constitution is mandatory upon the legislature and upon the courts. State ex rel. Goodsill v. Woodmansee, 1 ND 246, 46

NW 970, 11 LRA 420; State ex rel. Standish v. Nomland, 3 ND 427, 57 NW 85, 44 Am St Rep 572; Richards v. Stark County, 8 ND 392, 79 NW 863; State ex rel. Kol v. North Dakota Children's Home Soc. 10 ND 493, 88 NW 273." And in the numerous cases that have arisen involving the construction and application of § 61 since the handing down of the opinion in the Pottner Case, the guides therein pointed out have been followed without deviation.

Examining chapter 181 and its title and content in the light of these principles, following the guides thereby established, is the Act vulnerable to the challenge levelled against it? To repeat, the title is: "An Act to license and regulate the operation of amusement games; levying a tax therefor, appropriating revenue derived therefrom, and repealing all Acts and parts of Acts in conflict therewith." Considering the first clause of the title, and giving to the words, "amusement games" therein the meaning which reasonably and usually is given to those words, does the clause in any manner apprise anyone reading it that the act contemplates the licensing of machines of the character of the ones here in question? It is clear to us such instruments cannot be in any sense of the word considered as games. While the word "game" has a diversity of meanings, yet accepting any definition of it that may be found in the dictionaries, it cannot be said to fit a musical instrument. See Webster, New Int. Dict. 2d ed.; Black, Law Dict. p. 835; Cyclopedic Law Dict. 2d ed p. 446; 1 Pope, Legal Definitions, p. 608. See also Garrison v. Luke, 52 Ariz 50, 78 P(2d) 1120; Desgain v. Wessner, 161 Ind 205, 67 NE 991.

In the operation of this device, there is no room for chance, or skill, or contest. The user makes his choice, puts in his coin, sets the mechanism in motion, and gets just what he chooses and pays for. He may be interested in the mechanism and amused by its operation, but when he sets it in motion, he merely sells himself something he selects, and for which he pays the machine in advance. It is true that § 2 of the Act attempts to amplify the title, and by its definition of amusement games to broaden that title so as to include objects not within its contemplation. But the title cannot be thus amplified. The title of an act may and does limit and confine the content of the act itself, but the terms of the act cannot amplify and broaden the title. See Olson v. Erick-

son, 56 ND 468, 217 NW 841; 1 Lewis's Sutherland, Statutory Construction, 2d ed. § 120. If this were not so the constitutional requirement would be wholly futile.

Accordingly, we hold that though the machines which the defendant is seeking to tax pursuant to the provisions of chapter 181 are included within the term, "amusement games" as defined in § 2 of the Act, they are not within the purview of that term as used in the title; that is, § 2 of the Act is broader than the title. In this connection it is of interest to note that the legislative journals show that as originally introduced, the title read "A Bill for an Act to License Certain Types of Coin-operated Amusement Devices and Providing for the Division and Distribution of the Revenue Derived Therefrom." And that § 2 of the Act as originally introduced read: "This act shall apply only to such coin-operated amusement devices such as electric ray guns, music boxes, picture boxes or any other amusement devices which can be legally operated within the State of North Dakota under the Constitution and the laws thereof." In the course of its passage through the two houses, both the title and § 2 of the Act were amended to their present forms as hereinbefore set out.

Since the plaintiff's machines are not within the term "amusement games," as contained in the title, it follows that in so far as they are concerned, the provisions of the act itself, subjecting them to regulation and licensing, violate the prohibitions of § 61 of the Constitution, and to that extent the act must be held invalid and ineffective. See Divet v. Richland County, 8 ND 65, 76 NW 993. The judgment of the district court must be, and it is, reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

BURR, Ch. J., and BURKE, MORRIS, and CHRISTIANSON, JJ., concur.