## DANIEL DIVET *vs.* RICHLAND COUNTY.

Opinion filed October 10th, 1898.

**Subject of Act Must be Expressed in Its Title.**

Chapter 126, Laws of 1897, construed with reference to its title. The title of Chapter 126, Laws of 1897, after eliminating its repealing features, reads as follows: "An act prescribing the mode of making assessments of property, the equalization of and the levy and collection of taxes, and for all other purposes relative thereto." *Held:* First, that the subject of the enactment as stated in its title is that of taxation for the public revenues, and that only; second, that the words, "and for all other purposes relative thereto," do not enlarge the subject of the statute.

**Constitutional Law—Recovery of Taxes Paid.**

Section 88 of said chapter examined, and, in so far as the same authorizes the recovery of taxes paid into the county treasury prior to the passage of the act, upon land exempt from taxation, *held,* that the section is unconstitutional under the provision of section 61 of the state constitution, in this: that the right to recover taxes paid into the county treasury for the use of private persons by actions is a matter wholly foreign to the subject and purposes of the act as the same are set out in its title.

Appeal from District Court, Richland County; *Lauder,* J.

Action by Daniel Divet against Richland County, North Dakota, for a refund of taxes paid. From a judgment for defendant, plaintiff appeals.

Affirmed.

*S. H. Snyder* and *B. L. Bogart,* for appellant.

Plaintiff's right to recover is not barred by the statute of limitations. The time of limitation commenced when the cause of action was first subjected to the operation of the statute. *Sohn* v. *Waterson,* 17 Wall. 596; *Trustees* v. *Arnold,* 58 Ill. App. 103; *Weiser* v. *McDowell,* 61 N. W. Rep. 1094; *Berry* v. *Berry,* 22 S. W. Rep. 654; *Mills Co.* v. *Lampassas Co.,* 40 S. W. Rep. 552. The statute does not begin to run until there is some one in whom the right of action is indubitably vested. *Com.* v. *McGowan,* 17 Am. Dec. 737; *Ruff* v. *Bull,* 16 Am. Dec. 290; *McDonald* v. *Walton,* 14 Am. Dec. 318. All matters fairly and reasonably connected with the general subject of the act, and all measures which may facilitate its accomplishment are proper to be incorporated in the act and are germane to the title. In re Knaust 101 N. Y. 194; *State* v. *Cassidy,* 22 Minn. 312; *State* v. *Haas,* 2 N. D. 203. For illustrations of this rule see *Pierce* v. *Smith,* 29 Pac. Rep. 565; *Dorchester Co.* v. *Meekins,* 50 Md. 39; *State* v. *Woodmansee,* 1 N. D. 246, 46 N. W. Rep. 970; *Travelers' Ins. Co.* v. *Oswego,* 59

Fed. Rep. 58; *State* v. *Mines,* 18 S. E. Rep. 470; *Tillotson* v. *Gage,* 56 N. W. Rep. 954.

*P. J. McCumber,* for respondent.

The title to the act, Ch. 126, Laws 1897, is clearly prospective, and it cannot support a retroactive subject. Sec. 61, Const. *Tyler* v. *Cass County,* 1 N. D. 369, 23 A. & E. Enc. L. 232; *State* v. *Clinton,* 27 La. 40; *People* v. *Congdon,* 77 Mich. 351; *Carr* v. *Thomas,* 18 Fla. 736; *Ives* v. *Norris,* 13 Neb. 252; *People* v. *Phippin,* 70 Mich. 6; *Messinger* v. *State,* 25 Neb. 674; *Thomas* v. *Collins,* 24 N. W. Rep. 555; *People* v. *Hull,* 9 Pac. Rep. 34; *State* v. *Morgan,* 48 N. W. Rep. 314, Suth. St. Con. § 102, Cooley Const. Lim. (5th Ed.) 173. Plaintiff is barred by the statute of limitations, § § 5184, 5200 and 5201, Rev. Codes. This statute applies to counties, 13 A. & E. Enc. L. 714; *Baxter* v. *State,* 10 Wis. 454, 15 Wis. 488, S. C. 17 Wis. 588.

WALLIN, J. In this action the facts are uncontroverted, and only a question of law is presented for determination. The plaintiff is seeking to recover from the County of Richland sums of money, with interest thereon, paid by the plaintiff to the treasurer of said county as taxes for the years 1880, 1883, 1885 and 1886. Said taxes were assessed against a certain section of land in that county, which was held by the plaintiff under and by virtue of a conveyance made to the plaintiff by the Northern Pacific Railroad Company; and was land commonly known as "indemnity land." The fact is stipulated that at all times in question said land was exempt from taxation, and that the alleged taxes so paid by plaintiff were illegal and void. It is conceded by counsel for the plaintiff that prior to the enactment embraced in chapter 126 of the Laws of 1897 the plaintiff was remediless, and that an action would not lie to recover from the county the taxes so paid by plaintiff, or any part thereof. The action is based wholly upon the provisions of section 88 of said chapter 126, and particularly upon the following language therein: "And in cases where taxes have been or may be paid on lands not subject to taxation  *  *  *  the money so paid and all subsequent taxes, penalties and costs which have been, or which may be paid, shall be refunded, with interest at seven per cent. per annum from the date of payment, to the person making such payment, his heirs or assigns, and the same shall be refunded out of the county treasury to which such money was paid," etc. In this Court counsel for the defendant has made three points against the plaintiff's right to recover. He claims, first, that section 88 of said chapter is unconstitutional, and hence void, because it is a total departure from the subject of the law as set forth in its title, and therefore violates section 61 of the constitution of the state. It is claimed, secondly, that, inasmuch as it appears from the complaint that none of the sums paid out as taxes by the plaintiff were paid within a period of 10 years prior to the commencement of the action, said payments are outlawed, and recovery on the whole of them is barred under the general statute of limitations. The third point is

that the act is prospective in its operation, and does not, therefore, warrant a recovery upon any cause of action arising prior to the passage of the act.

Inasmuch as this court is unanimous in holding that the judgment of the Court below must be affirmed upon the ground stated in the first point made by counsel, as above stated, it will be unnecessary, in deciding the case, to further mention the other grounds. We hold that section 88 is unconstitutional, because it is a wide and radical departure from the subject of the law as that subject is set forth by its title. Eliminating from the title its repealing features, which are entirely irrelevant to the question we are discussing, the title reads, "An act prescribing the mode of making assessments of property, the equalization of and the levy and collection of taxes and for all other purposes relative thereto." Section 61 of the state constitution provides: "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be· so expressed." Reverting to the title of the statute as above quoted, we discover that it relates to the subject of taxation, and to that alone. In short, it relates to the subject of the assessment of taxes, the equalization of such assessments, and the levy and the collection of the taxes for the public revenues, and this to the exclusion of all other matter whatever. The words "and all other purposes relative thereto," found in the title, while unnecessary, in our judgment, are nevertheless of plain and obvious meaning. They embody an express notice to all interested parties that the act will embrace other matters not in terms expressed in the title, but which other matters are germane to the subject of the law as expressed in plain terms in the title of the act. These general words, while wholly unnecessary to the constitutional validity of the title, are nevertheless not at all misleading. These words need not have been added, however, because the legislature, having clearly indicated the subject of the enactment by the preceding words in the title, were possessed of full constitutional power to place in the body of the law any matter or provision which, by any fair construction, would relate to the subject of the act as stated in terms in its title. An inspection of chapter 126 discloses the fact that it embraces 110 sections, exclusive of the emergency section. It is a comprehensive tax law, and in terms repeals a mass of other laws, which, until repealed, were the statutes of the state regulating the whole subject of assessing, levying, and collecting the public revenues by taxation. With the exception of section 88 of chapter 126, the entire law relates to levying and collecting the taxes for public purposes, and to that subject only. Turning now to section 88 of the statute, we discover that, except in one feature,—that authorizing a re-assessment in cases where sales made and deeds issued pursuant to this act are adjudged void,—the section has nothing whatever to do with either taxation or the public revenue. With the exception stated, the entire section is devoted

to the creation of causes of action in favor of taxpayers and against counties, for which judgment may be obtained for the use of private persons. Instead of being in furtherance of any of the purposes of the act, as such purposes are set out in its title, section 88, with the exception stated, is in direct opposition to all of such purposes. With the exception stated, the section not only has nothing whatever to do with the assessment, levy, or collection of taxes, but, on the contrary, its purpose is to deplete the public treasury of money derived from taxation in the interest of private parties. With the exception stated, we regard the purposes of section 88 as being entirely foreign to the subject of the law as expressed in its title, and hence, to that extent, repugnant to the constitutional provision above cited. We concede that this constitutional provision has uniformly received a liberal construction by the Courts, and this Court has held in another case (*State* v. *Nomland,* 3 N. D. 427, 57 N. W. Rep. 85), that it should not be so construed as to unduly clog or restrict legislation. But in the case cited the following language was also used: "But we have no duty higher or more sacred than is the duty to preserve in all its integrity every provision of the fundamental law of the state. The provisions of our state constitution are, by the terms of the instrument itself, declared to be mandatory,—mandatory alike upon the legislature and upon this Court. If the legislature, in any act, disregard the mandate, it is the duty of this Court to nullify the act, and the fact that the abortive legislation may be highly beneficial and salutary in its nature can in no manner control the duty." In addition to the numerous authorities cited in *State* v. *Nomland,* we cite the following as cases illustrative of the proper construction to be given to the constitutional provision we are considering: *Ives* v. *Norris,* 13 Neb. 252, 13 N. W. Rep. 276. In the case at bar the body of the act is broader than its title, and hence it must be annulled in so far as it transcends the title and is inconsistent therewith. 23 Am. & Eng. Enc. Law, p. 232, § 23, note 6; *People* v. *Congdon,* 77 Mich. 351, 43 N. W. Rep. 986. In the case we are considering the several causes of action are based upon payments of taxes upon land exempt from taxation, made prior to the passage of the act of 1897, under which the action is brought. We are therefore not called upon to determine, and do not determine, whether the act in question is equally open to objection on constitutional grounds when applied, to causes of action arising upon a different state of facts.

The judgment of the trial court will be affirmed. All the judges concurring.