(80 N. W. Rep. 768.)

---

## J. A. PAINE *vs.* DICKEY COUNTY.

Opinion filed October 24, 1899.

### Taxation—Statutes—Subject and Title.

> Section 84 of Chapter 132 of the revenue law of 1890 considered, and construed with reference to its constitutionality under section 61 of the state constitution; and *held*, that the provisions in said section allowing illegal taxes to be recovered from the county which have been paid into the county treasury at tax sales made under the provisions of said act are germane to the subject of the act, as expressed in its title, and hence such provisions are not repugnant to section 61 of the constitution. Said provisions aid in the collection of taxes, in this: that they offer an additional inducement to purchasers to bid at tax sales held under the provisions of the act. The case of Divet v. Richland Co., 8 N. D. 65, 76 N. W. Rep. 993, distinguished.

### Liability of County to Refund Illegal Taxes.

> *Held,* further, that, where the illegality of the taxes is determined in an action between other parties, the statute does not contemplate that the county is to have notice of the pendency of such action, or be made a party thereto. The judgment in any such action is prima facie valid, and is conclusive upon the question of the liability of the county, at least until the same is attacked, and shown to have been illegally or collusively obtained.

Appeal from District Court, Dickey County; *Lauder, J.*

Action by J. A. Paine against Dickey County. From an order sustaining a demurrer to the complaint, plaintiff appeals.

Reversed.

*J. E. Robinson,* for appellant.

*E. E. Cassels* (*R. W. S. Blackwell,* of counsel), for respondent.

WALLIN, J. This action is brought, under section 84 of the Revenue Law of 1890, to recover certain amounts paid into the defendant's treasury for land sold for taxes in said County of

Dickey at the tax sales of 1890 and 1891, with interest thereon, as provided in said section. The material facts stated in the complaint and admitted by the demurrer are as follows: The lands described ·in the complaint, at the time the taxes in question were assessed and levied, were not subject to taxation, and for that reason said taxes were illegal and totally void. Nevertheless said lands were sold for such illegal taxes, and struck off to purchasers, who paid into the defendant's treasury on account of such sales the several amounts as stated in the complaint. Said lands were not redeemed, and pursuant to the sales the county auditor of the defendant made and delivered to the plaintiff, who then held the tax certificates, tax deeds of said lands. Subsequently the plaintiff commenced an action in the District Court for Dickey county, to recover the possession of the lands described in the tax deeds, against one Samuel Glover and other parties, and in said action a judgment was entered prior to the commencement of this action. In said action it was adjudged and determined that said taxes, tax sales, tax certificates, and tax deeds were illegal and wholly void for the reason that said lands at all times in question were the property of the United States, and hence not then subject to taxation. It is conceded that the tax sales were made under the provision of the Revenue Law of 1890. The material provisions of the section under which this action is brought are as follows: "When a sale of land, as provided in this act, is declared void by judgment of court, the judgment declaring it void shall state for what reason such sale is declared void. In all cases where any such sale has been or hereafter shall be so declared void, or any certificate or deed issued under such sale shall be set aside or cancelled for any reason, the money paid by the purchaser at the sale and all subsequent taxes and penalties and costs paid by such purchaser or assignee shall, with interest at the rate of 10 per cent. per annum from the date of such payment be returned to the purchaser or assignee, or the party holding his right, out of the county treasury," etc. This statute in plain terms gives a right of action against the county to recover the money paid at tax sales made under the act of 1890, and also the interest thereon, with subsequent taxes, when such sales are declared void by the judgment of a court, provided the court has, in its judgment, declared the ground or reason why the sale is declared void. It appears that all the prerequisite conditions of fact upon which a recovery is allowed under section 84 are shown to exist in this case, and counsel for the respondent advance but two grounds upon which it is contended that the plaintiff ought not to recover.

Counsel contend, first, that section 84 is unconstitutional in so far as it authorizes the recovery of money paid as taxes which have been declared void by the judgment of a court. Counsel cite in support of this point section 61 of article 2 of the State Constitution, which declares that "no bill shall embrace more than one subject, which shall be expressed in its title," etc. Counsel call attention to

the language of the title of the Revenue Law of 1890, and argue that the provisions of section 84 relating to the recovery from the county of moneys paid for illegal taxes are not germane to such title. Counsel cite, among other authority, the case of *Divet* v. *Richland Co.,* 8 N. D. 65, 76 N. W. Rep. 993, in support of this contention; and the argument of counsel upon this point consists of a reproduction of the views of this Court as expressed in the opinion handed down in the case cited. Counsel contend that the subject of the act which the Court considered in that case, namely, Chapter 126, Laws 1897, was the same, and the language of the title was the same, in the Revenue Law of 1890, under which this action arose. So far we agree with counsel, but the case cited is not in point here, and can be readily distinguished from the case at bar. Section 88 of the Laws of 1897 was construed in the Richland County Case, and our holding was, in effect, that, in so far as section 88 of that statute permitted the recovery of illegal taxes paid into the county treasury prior to the enactment of the statute, the same was unconstitutional and void, because such provisions were repugnant to the subject of the law as expressed in its title. In that case the Court was dealing wholly with causes of action which arose prior to the passage of the law of 1897, under which alone the plaintiff sought to recover. The terms of that law, unlike those of the law of 1890, were clearly retroactive. This Court was careful, in deciding that case, to refrain from expressing any opinion upon a possible case which might arise under that act, where the payment of taxes was made upon sales had under the provisions of that act. In this connection the Court said, "We are therefore not called upon to determine, and do not determine, whether the act in question is equally open to objection on constitutional grounds when applied to causes of action arising upon a different state of facts." We are clear, after further consideration, that the Richland County Case was properly decided, but the language of the opinion in that case should be read with reference to the facts which limited the language, and confined it to causes of action arising before the act of 1897 was passed. In the case at bar we are dealing with causes of action arising upon tax sales made under the revenue law of 1890, which law, as we have said, is prospective only in its operation. See *Tyler* v. *Cass Co.,* 1 N. D. 369, 48 N. W. 232. The case therefore is easily distinguished in its facts from the case cited by counsel. With reference to the constitutionality of section 84 of the Laws of 1890, we are to determine whether the provisions of that section are cognate with the subject of the act as expressed in its title. We see nothing in the provisions of section 84 which is repugnant to the general purposes of the law or to its title. The capital purpose of the statute as a whole is to raise public funds by means of taxation. The processes of taxation embrace the assessment, levy, and collection of taxes. The question to be decided then is, do the provisions of section 84 relate to any feature or step in the processes of taxation as pre-

scribed in the act? We are of the opinion that this question must receive an affirmative answer. One mode of collecting taxes upon land laid down in the statute is that of selling the land at public sale for delinquent taxes due thereon. But sales cannot be made without first finding purchasers, and, to do so, there must be some inducement held out to bidders sufficiently persuasive to induce them to invest at tax sales. We think that the provisions of section 84 which allow a purchaser at a tax sale to recover what he has invested, with a reasonable interest, in the event that the courts shall decide that the sale at which the money is paid was illgal and that the muniments of the title delivered to the purchaser are worthless, are such as are directly calculated to induce purchasers to come forward and bid at tax sales. Under these provisions the bidder is at least assured of a return of his principal, with fair interest added. This being so, these statutory provisions are germane to the matter of collecting the taxes on land by means of a sale thereof. Such statutes, or those having the same general purpose, are now quite commonly found in the laws of many states, and we think their chief object is to aid in collecting the revenue. See, on this point, *Fleming* v. *Roverud,* 30 Minn. 273 (opinion 275), 15 N. W. Rep. 119.

But respondent's counsel contend, secondly, that a recovery from the county ought not to be had until the county has had notice, or been made a party in some action in which the primary question of the illegality of the taxes sought to be recovered is adjudicated. Counsel say in their brief that "no one shall be condemned or concluded as to his rights of person or property unheard." And further counsel say, "When a person is responsible over to another, either by operation of law or by express contract, in order that he may be bound by the result of the action he must be made a party to it, or be notified of its pendency and afforded an opprotunity to defend his interest." In support of this general proposition of the law of indemnity, counsel have cited abundant authority,—among others, Black, Judgm. § 574, and *Tierney* v. *Insurance Co.,* 4 N. D. 565, 62 N. W. Rep. 642. But this Court has reached the conclusion that the principles announced by these authorities cannot be invoked to shield this defendant from liability. If it were true, as counsel contend,—and we are clear that it is not,—that the defendant is in the position of an obligee in an indemnity bond, and as such is entitled to notice and an opportunity to defend in the original suit, the defendant would be in no better position. In the case supposed, the judgment entered in the original action would be prima facie valid as against the obligee. In this case there is no claim made that the defendants in the original action failed to avail themselves of any good defense, or that the judgment was obtained by fraud or collusion. If the defendant's position were analogous to that of an obligee not having notice of the pendency of the prior action, the judgment would be binding nevertheless until it was attacked; and in this case it

does not appear upon the record that the District Court judgment was ever attacked in fact, or that it was vulnerable to attack. See *Train* v. *Gold,* 5 Pick. 380; *Insurance Co.* v. *Wilson,* 34 N. Y. 275. But, in our opinion, the principles governing defendant's liability differ widely from those applicable in indemnity cases. The right of the plaintiff to recover the amount of illegal taxes paid into the defendant's treasury, with interest, is a right arising upon a contract. When the money sued for was received by the county, the statute from which we have quoted was in force, and its substantial provisions constituted a contract binding upon the parties, and under which the plaintiff secured a valuable right. This contract is so sacred in the law that even the legislature could not abrogate it by subsequent legislation. See *Fleming* v. *Roverud,* supra; *Roberts* v. *Bank,* 8 N. D. 504, 79 N. W. Rep. 1049. The law, which is the contract, declared, in effect, that illegal taxes upon land paid by a purchaser at a sale under the provisions of the law should be refunded, with interest, upon the condition precedent stated in the statute, namely, that the illegality of the tax should be first adjudged by the courts. The record in this case shows that this condition has been met; hence the liability arises. In the case at bar the liability to refund is both legal and moral. The county had neither the legal nor the moral right to levy or collect taxes upon government land, or sell the land for their payment. It was to provide for such a state of facts, and others similar thereto, that the law in question was enacted; and it was entirely competent for the legislature (having plenary power in the premises) to determine in advance the conditions upon which illegal taxes paid into defendant's treasury should be refunded. It follows that the demurrer to the complaint was improperly sustained, and the trial court will be directed to reverse its order sustaining the demurrer, and enter an order overruling the same. All the judges concurring.