[No. 4196.]

THE BOARD OF COUNTY COMMISSIONERS OF RIO GRANDE COUNTY v. WHELEN ET AL.

1. TAX SALES—NO TAXES DUE—LIABILITIES OF COUNTIES.

Section 3776 Mills Ann. Stats. which provides that when land is wrongfully sold on which no tax is at the time due, the county shall refund to the purchaser the principal with interest at twenty-five per cent per annum is not limited to sales which are valid in all other respects except that mentioned in the section. Merely because the sale is also void for some other reason than the one mentioned in this particular section makes it none the less void because at the time no tax was due.

2. TAX SALES—LAND BID IN BY COUNTY—ASSIGNMENT OF CERTIFICATE.

Where land was bid in by the county at a tax sale, an assignment of the certificate by the county clerk indorsing on the back thereof the words "Assigned to" giving the name of the assignee and dated and signed by the clerk, accompanied by a formal assignment on the face of the certificate under the official seal and signature of the clerk, was a sufficient compliance with section 3898 Mills Ann. Stats. providing that such crtificates may be assignable by indorsement. Besides under the provisions of section 3888 Mills Ann. Stats. the assignment to be made by the county clerk is not

limited to assignment by indorsement, but any assignment in prop-
er legal language is sufficient.

3   SAME—CLAIM AGAINST COUNTY.

The assignment of a tax sale certificate carries with it and
vests in the assignee all the rights of the original purchaser. And
where the original purchaser had a right of action against the
county to recover back the purchase money, the same right vests
in the assignee without a specific assignment of the right of action.
And where land is bid in by the county an assignee of the certificate
has the same right of action against the county to recover back the
purchase money as though he were an original purchaser.

4.   TAX SALES—NO TAX DUE—LIABILITY OF COUNTY—CONSTITUTIONAL
      LAW.

That part of section 3776 Mills Ann. Stats. which provides for
the recovery of interest at the rate of twenty-five per cent per an-
num from the county by the purchaser at tax sale where land is
sold on which no tax is due is in the nature of a penalty and to the
extent that it provides for the payment of such interest is not ger-
mane to the subject matter as declared in the title of the act and is
unconstitutional and void.   Mr. Justice Gabbert dissenting.

*Appeal from the District Court of Fremont County*

Mr. IRA J. BLOOMFIELD for appellant.

Mr. JESSIE STEPHENSON for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

For the failure on the part of the owner to pay taxes there-
tofore assessed and levied upon it, the county treasurer of Rio
Grande County in 1891 advertised for sale the Empire Canal.
No one offered to purchase thereat, and, under the statute, the
treasurer bid in the property for the county, to which he issued
a tax certificate in the regular form.   Afterwards, as the statute
provides, W. T. Lambert paid to the treasurer the amount of the
tax for which the sale was made, together with interest thereon,
and the county clerk in behalf of the county assigned the tax
certificates to him.   This certificate was afterwards assigned by

Lambert to these plaintiff's.

In a suit brought for the purpose, in which the proper parties were present, the sale was adjudged invalid, the canal being exempt from taxation, and thereupon the plaintiffs, the holders of the certificate of purchase, brought this action to recover the amount of illegal taxes theretofore paid into the treasury, the board of commissioners having refused to refund it.

The cause of action is based upon section 3776 Mills Ann. Stats. (Gen. Stats. 1883, Sec., 2824) providing: "When by mistake or wrongful act of the treasurer, clerk or assessor, or from double assessment, land has been sold on which no tax was due at the time, the county shall hold the purchaser harmless by paying him the amount of principal, and interest at the rate of twenty-five per cent per annum." There was a judgment for the plaintiffs in the sum of about $7000 of which $2137.95 was prin cipal and the balance interest. The board brings the case here by appeal. The grounds urged for reversal will be discussed in the order followed by counsel.

1. The county attorney contends that the word "sale" in the foregoing statute means a sale which is valid in all other respects except where, by wrongful conduct of some public officer, there has been a double assessment, or at the time no tax was due. We cannot so interpret the language. A tax, or a tax sale, may be invalid for several reasons. Merely because a sale is also void for some reason other than the one mentioned in this particular section, makes it none the less void because at the time no tax was due. And if there is no tax due on the property and there is a sale of it, there is within the purview of the statute a sale made, though invalid because no tax is due. That the sale is also void because some step in the process of taxation essential to a valid sale is omitted does not take the case out of the statute.

2. There are two sections of our statute bearing upon the assignment of certificates of purchase, sections 3888 and 3898 Mills Ann. Stats. The latter provides that a certificate issued by the

county treasurer to a purchaser at a tax sale may be assignable by *endorsement,* which assignment, when entered upon the record of sales in the office of the county clerk and county treasurer shall vest in the assignee, or his legal representative, all the right and title of the original purchaser. Section 3888 applies to the assignment of a certificate where the property at the tax sale has been bid in by the treasurer for, and a certificate of sale issued to, the county. The provision is that any person, within three years from the date of such certificate, may deposit with the county treasurer the total amount due thereupon, whereupon the clerk of the county shall assign such certificate to such person, and the assignee shall be entitled to all rights and privileges, the same as though he were an original purchaser at the tax sale. Appellant's criticism under this head, based upon the provisions of section 3898, is that the assignment by the county treasurer in this case was either upon the face of the certificate, or a separate instrument attached thereto; and that inasmuch as public officers charged with public duty must perform it in strict accordance with the directions of the statute, only an assignment by *endorsement,* that is, by a proper writing on the back of the certificate itself is valid.

The record shows that this assignment was made by the county clerk by writing upon the back of the instrument these words "Assigned to W. T. Lambert May 7, 1892, W. D. Zook, Co. Clk;" and in addition to this the clerk attached a formal assignment under his official seal to the face of the certificate. We think this was a sufficient compliance with the statute. Besides, under the provisions of section 3888, the assignment to be made by the county clerk is not specifically limited to an assignment by endorsement, and any assignment in proper legal language is sufficient.

3. Appellants say, and the stipulated facts so show, that there was no separate or distinct assignment by Lambert to these plaintiffs, of a cause of action which Lambert may have had upon the

hypothesis that he was the original purchaser; that is to say, the contention is that although Lambert may have been an original purchaser, unless in explicit terms he assigned his cause of action or right to recover from the county the amount of the taxes paid by him, his assignee, who has merely what the assignment of the certificate gives him, is not vested with the right to sue which his assignor had. It is said that this certificate, in and of itself, gives only one of two rights; first, to a tax deed if no redemption is made; second, to the redemption money if redemption is made.

We cannot agree with counsel's interpretation of these statutes. The assignment, if properly made, which we have held it to be, vests in the assignee all the right and title of the original purchaser, and by section 3888 it is provided that the assignee is entitled to all the rights and privileges *the same as if he were an original purchaser*. Under either of these statutes, we hold that an assignee of the certificate is entitled to have the amount of taxes refunded to him by the county if the original purchaser had such right.

But it is further contended that these plaintiffs, as assignees, have only the same right to recover this money that the original purchaser had, and since the county itself was the original purchaser and could not sue itself to recover illegal taxes paid to itself, therefore plaintiffs are without such remedy. It will not do to put such a literal interpretation on the language of the statute. In one sense, the county was not a purchaser, as it paid out nothing at the time the property was bid in by the treasurer in its behalf; but section 3888 provides that where the treasurer has bid in a tract of land for the county and the certificate is afterwards assigned by the county clerk, the assignee is entitled to the same rights and privileges as though he were an original purchaser. So this objection is not tenable.

4. The most difficult question is with respect to the alleged unconstitutionality of the foregoing statute upon which alone

plaintiff's cause of action, if any, depends.   Section 21 of article 5 of our constitution provides that: "No bill except general appropriation bills shall be passed containing more than one subject which shall be clearly expressed in its title."   The title of the act in which this section is found reads: "An act to provide for the assessment and collection of revenue" etc. 2 Mills Ann. Stats. p. 2004.   It is said that this section is entirely foreign to the subject-matter of the act as expressed in the title, and reliance is had upon the case *In re Breene,* 14 Colo., 401, and the large number of cases in this court in which its doctrine is approved.

Two cases quite in point are *Divet v. Richland County,* 76 N. W. Rep., 993 and *Paine v. Dickey County,* 80 N. W. Rep. 770. The constitutional and statutory provisions there considered are quite similar to those in the case at bar, and in the earlier case the statute was held to be clearly unconstitutional, and in the latter one upheld.   The learned court in the latter opinion attempts to discriminate between the two cases, but whether the decisions may be reconciled is a matter with which we are not at present concerned.

It is a grave question whether, under the doctrine of the *Breene Case* and for the reasons so cogently expressed in the opinion, the entire section is not foreign to the subject-matter as expressed in the title of the act, but the majority of the court, as at present advised, are not disposed to hold the section unconstitutional in its entirety.   Although the statute says that interest at the rate of 25 per cent per annum is to be recovered in addition to the principal, the court is clearly of opinion that this interest is in the nature of a penalty, and the section, to the extent that it provides for its recovery, is not germane to the subject-matter declared in the title. · It is a well known fact that money from other sources than taxation is received into the county treasury, and the provision in this section for the refunding of money includes not only money received from taxation but from all these other sources.   The part of the section relating to the penalty is foreign

to the assessment and collection of taxes, and to that extent cannot be upheld.

The provisions of this section were under considertation by this court in the case of *Hurd v. Hamill,* 10 Colo. 174; but that was before the decision in *In re Breene,* and the constitutionality of the section was not questioned.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*

Mr. Justice Gabbert, dissenting;

I do not agree with the conclusion that the provision in section 3776 Mills Ann. Stats., allowing interest on money which shall be returned to persons paying it, is unconstitutional. Legislation germane to the subject as expressed in the title of an act, is not obnoxious to the provision of the constitution invoked. That which is appropriate or relevant to the subject as thus expressed is germane. In legislating on the subject of the assessment and collection of revenue, it was certainly proper to provide for the sale of realty in order to enforce the collection of taxes. In this connection it would be naturally suggested: What provision shall be made for the relief of those making such purchases "when by mistake or wrongful act of the treasurer, clerk or assessor, or from double assessment, land has been sold on which no tax was due at the time?" Hence, the provisions as to what shall be done in such circumstances are relevant to the subject legislated upon, as expressed in the title of the act in which the section in question is found. In my opinion, the judgment of the district court should be affimed.