# SHERWOOD v. BARNES COUNTY.

## (134 N. W. 38.)

**Taxes — recovery of money paid at void sale — statute as to.**

1. Following Paine v. Dickey County, 8 N. D. 581, 80 N. W. 770, it is held that § 88, chap. 126, Laws of 1897, relating to the recovery of money paid at tax sales, made subsequent to the enactment of that chapter, when such sales have since been held void, is not in conflict with § 61 of the Constitution, as the provision permitting such recovery was germane to the matter of collecting taxes on land by means of the sale thereof.

**Taxes — recovery of amount paid at void sale — failure to pay subsequent taxes.**

2. The holder of a tax-sale certificate which has been adjudged void may recover the amount paid therefor, with interest, in accordance with § 84, chap. 132, Laws of 1890, and § 88, chap. 126, Laws of 1897, notwithstanding the fact that he has not paid subsequent taxes.

**Taxes — recovery of money paid at void sale.**

3. The limitations contained in chapter 165, Laws of 1901, have no bearing on the right of the holder of a certificate of tax sale which has been adjudged void, to bring an action against the county for the recovery of the money paid for such certificate.

**Taxes — recovery of money paid at void sale — failure of judgment holding deed void to give reasons therefor.**

4. When the holder of a certificate void for reasons which, under the terms of §§ 84 and 88 of the acts referred to, are required to be stated in the judgment holding them void, relies upon such judgment as evidencing his right to recover from the county the money paid, it is immaterial that the judgment holding his certificate void fails to state the reason for its invalidity, as that provision was made for the benefit of the county, to enable its officials to know whether the tax still continued a lien on the land and whether to advertise and resell the same.

**Taxes —setting aside sale — necessity that judgment state reasons.**

5. In an action adjudging a tax sale certificate void, and to which the county was a party, the burden rests on it to see that the reasons for holding the certificate or sale invalid are stated in the judgment.

**Taxes — recovery of money paid at void sale; when limitations begin to run against right of action for.**

6. The Code (Rev. Codes 1905, § 2414) prohibits the county auditor from

1 R. L. Supp. 1909, § 2651-91.

drawing his warrant (except for salaries of county officials), except upon the order of the board of county commissioners, signed by the chairman thereof and with the county seal affixed. Hence, after a tax sale is adjudged invalid, action by the board of county commissioners is a necessary prerequisite to a return of the money paid for a void certificate; and as, in the absence of voluntary action on the part of such board, a demand by the holder of the return of his money becomes necessary, the cause of action against the county for such return does not accrue until a demand is made therefor, when no question of unreasonable delay is involved; and the statute of limitations runs from the date of the rejection of the appellant's demand.

Opinion filed December 2, 1911.

Appeal from District Court, Barnes county; *Burke,* J.

Action by J. K. O. Sherwood against Barnes County. Judgment for plaintiff, and defendant appeals.

Affirmed.

*A. P. Paulson* and *D. S. Ritchie,* for appellant.

*William J. Clapp,* for respondent.

SPALDING, Ch. J. This is an appeal from a judgment of the district court of Barnes county, entered on the 23d day of April, 1910, in favor of the plaintiff and respondent, for the recovery of certain sums paid by him at tax sales in that county, which sales had previously been set aside by judgments of that court. The county appeals. It involves certificates as follows: Nos. 372 and 395, on sale made December 4, 1894, for taxes of 1893; Nos. 356 and 374, on sale made December 3, 1895, for taxes of 1894; No. 25, on sale made December 7, 1897, for taxes of 1896; No. 321, on sale made December 6, 1898, for taxes of 1897; No. 196, on sale made December 5, 1899, for taxes of 1898; No. 262, on sale made December 4, 1900, for taxes of 1899. For convenience we shall hereafter refer to these transactions by the numbers of the certificates. Nos. 372 and 356 were held void in an action to quiet title, wherein this respondent was one of the defendants, by judgment entered February 4, 1903. All the other certificates mentioned were held void in another action wherein this respondent was one of the defendants, by judgment entered April 29, 1903. The action resulting in the appeal now being considered was begun February 15, 1909. Demand was made upon the board of county commissioners

of Barnes county by respondent for return of the moneys paid by him, with interest, August 3, 1908. The sales on which certificates Nos. 372, 395, 356, and 374 were issued were attempted to be made under the provisions of chapter 132, Laws of 1890, and the relief sought by the respondent was claimed under the provisions of § 84 of said chapter, which provides that "when a sale of land, as provided in this act, is declared void by judgment of court, the judgment declaring it void shall state for what reason such sale is declared void. In all cases where such sale has been, or hereinafter shall be, so declared void, or any certificate or deed issued under such sale shall be set aside or canceled for any reason, or in case of mistake or wrongful act of the treasurer or auditor land has been sold upon which no tax was due at the time, the money paid by the purchaser at the sale, or by the assignee of the state upon taking the assignment, and all subsequent taxes, penalties, and costs paid by such purchaser or assignee, shall, with interest at the rate of 10 per cent per annum from the date of such payment, be returned to such purchaser or assignee, or the party holding such right, out of the county treasury on the order of the county auditor. . . . " The judgment of February 4, 1903, holding certificates Nos. 372 and 356 valid, recites that the claims of the respondent Sherwood, based on the tax purporting to have been levied on said premises for such years, are wholly null and void, owing to defective assessments or levies; and for the further reason that the failure of the defendants to redeem said premises from a sale of the tax assessed and levied thereon for the year 1895 cut off their rights under the prior taxes, were they otherwise valid. The sales under which certificates Nos. 25, 321, 196, and 262 were issued were made when chapter 126 of the Laws of 1897 was in force, and the provisions therein under which respondent claims to recover are found in § 88. The provisions of § 88 are much the same as those of § 84, supra, and need not be quoted. The language varies somewhat, and the rate of interest is 7 per cent, instead of 10 per cent. The judgment, holding such sales and those at which certificates Nos. 395 and 374 were issued void, fails to state the reasons for such holding; but the conclusions of law found by the court state that such judgment is ordered because the sales for taxes involved in the certificates numbered 395, 374, 25, 321, 196, and 262 are absolutely void because no legal levy of taxes against said real

estate for each and all of said years was made by the proper authorities,. and because said real estate was not in any manner assessed by taxation during each and all of said years. The respondent Sherwood is a resident of the state of New York, and the only service made upon him in either of the actions referred to was constructive service. In one action the summons and complaint were mailed to him at Ogden, Utah; in the other, they were not mailed, but publication was made. He never heard or knew of the actions until immediately preceding the date of making demand for the return of his money, and this action was begun within a few months after such demand.

1. Appellant contends that there can be no recovery of the money paid for certificates issued under chapter 126 of the Laws of 1897, because § 88 of that chapter is unconstitutional and void, as violating § 61 of the Constitution, in that the title to such law is inadequate to cover the provisions authorizing a recovery, and cites Divet v. Richland County, 8 N. D. 65, 76 N. W. 993, as authority. This court held indirectly to the contrary in Paine v. Dickey County, 8 N. D. 581, 80 N. W. 770. It had then under consideration § 84 of the Laws of 1890,. supra, and distinguished between its holding and its conclusion in the Richland County Case, and held that the provision permitting the recovery of the amounts paid on invalid sales, after the enactment of that chapter, was germane to the matter of collecting the taxes on land by means of a sale thereof. The case at bar in no sense involves the recovery of moneys paid on invalid sales prior to the enactment of the statute under which recovery is claimed. The court in the Paine Case expressly limits the holding of the Richland County Case to the facts then before the court, namely, that it was an action to recover for moneys paid on invalid sales prior to the enactment of the law under which the recovery was attempted. As in all respects material to this appeal the titles of the two acts are the same, we see no reason to depart from the conclusion of the court in the Paine Case, and therefore hold with the respondent on this point, without further extending our reasons for so doing.

2. Appellant insists that, before respondent can recover, it must affirmatively appear that he has paid the subsequent taxes on the lands covered by the certificates of. sale, assessed thereon after the certificates were issued. This contention is answered by the statement that no

such requirement is found in the law as a condition precedent to his recovery.

3. It is also insisted that respondent cannot recover, by reason of limitations contained in chapter 165, Laws of 1901, reading as follows: "The purchaser of any piece or parcel of land shall, if there be no redemption, be entitled to the possession, rents, and profits at the end of three years from the date of the certificate, and if on demand of such purchaser to the party or parties in possession, such party or parties refuse or neglect to render such possession, such party or parties may be proceeded against as parties holding over after the determination of his or their estate, which proceedings may be instituted and prosecuted pursuant to the provisions of law in such case made and provided; provided, however, that all rights of such purchaser and his assigns to possession, title, or lien of any kind, of, to, or upon such piece or parcel of land, shall cease absolutely and be deemed forfeited and extinguished, unless possession thereof be taken by him, or them, or proceedings for such possession be by him or them instituted, or deed therefor be executed and delivered to him or them by the proper officer, prior to the expiration of six years from and after the date of such certificate, or in case of sales heretofore made and where five years or more have already elapsed since the date of such certificate, then prior to the expiration of one year after the taking effect of this section."

Appellant fails to grasp the meaning of the law quoted. It has no bearing whatever on the rights of the respondent as against the county. It relates solely to the rights of a holder of a certificate and those of the owner of the land, as between themselves, and does not purport to change or establish any statute of limitations as between such holder and the county in case of a void sale; and if the legislative intention was to terminate the life of all certificates issued prior to the passage of said act, on the conditions therein stated, as contended by appellant, such intention is immaterial, as the respondent does not assume to claim under live certificates. The foundation of his claim is the fact that the certificates have been adjudged void. He is claiming under the rights given him by the statute, if he has brought himself within its terms, to a recovery of his money paid for invalid and void certificates. He could not maintain the action if the certificates were valid. The

certificates are still evidence of the sale, and also to show the plaintiff is the holder thereof; but this does not impart life or validity to them as evidence of title or interest in real estate. The respondent could not maintain an action to have the certificates held by him adjudged void, nor could he maintain this action until a judgment, or judgments, of the district court were entered in appropriate proceedings, holding them void. Van Nest v. Sargent County, 7 N. D. 139, 73 N. W. 1083; Comstock, F. & Co. v. Devlin, 99 Minn. 68, 108 N. W. 88; State ex rel. Brodie v. Krahmer, 112 Minn. 372, 128 N. W. 288.

4. It is urged that the judgment rendered on the 29th day of April, 1903, furnishes no ground for maintaining this action as to the money paid for certificates thereby adjudged void; for the reason that the judgment itself states no reason why such sales or taxes were void, or that they were void by reason of the mistake or wrongful act of the treasurer or auditor; and that it does not show any taxes due, or that the lands were not subject to taxation, or that the entry therefor had been canceled, and that therefore the certificates in question have never been adjudged void, by reason of which fact respondent has not brought himself within the terms of the statute entitling him to recover. Appellant contends that the legal effect of this is that there is no judgment setting aside such sales or the certificates. The judgment, in express terms, sets them aside. It is true that the judgment itself fails to specify the grounds of their invalidity, although such grounds are stated in the findings of the court. No authorities are cited in support of appellant's contention. It occurs to us that the reason for this requirement of the statute should be looked into. That reason is found in those provisions of both §§ 84 and 88 which we have not quoted thus far. Both sections contain provisions to the effect that, except when the judgment declares the tax illegal, the tax and all subsequent taxes returned to the purchaser or assignee shall remain and be a lien upon the land sold; and they require the county auditor to advertise and resell the same at the next succeeding and annual sale for the full amount of penalty, taxes, and costs due thereon. In our opinion this requirement furnishes the reason for requiring the judgment to state why the sale is declared void, namely, to give the county auditor the information necessary to govern his actions as to advertising and reselling the land, and perhaps to perpetuate the lien if one exists.

Whether the tax for which the sale was wrongfully made continue as lien, or a resale should be made, are subjects in which the purchaser at a void sale has no interest, and it is not incumbent on him to protect the interest and rights of the county. When the reason of a rule ceases, so should the rule itself. Section 6657, Rev. Codes 1905.

5. A contention like the last is made with reference to the other judgment. This needs no consideration because, as we have shown in our statement of the facts, that judgment gives the reasons; and, if it did not, the same grounds for overruling appellant's contention given in paragraph 4 would be applicable. Further, the county was a party to that action, and had the opportunity to protect itself by having satisfactory and appropriate reasons shown why the sale was invalid. The burden was not on respondent to do so.

6. It is next contended that as to the rights of the respondent by virtue of certificates Nos. 272 and 356 the statute of limitations has run, in that more than six years had lapsed when the case at bar was commenced, and that the certificates were issued more than ten years prior to the commencement of this action. The argument of appellant is based upon the theory that respondent is claiming that the certificates named had been revived by the demand made upon the county commissioners for a return of the money paid, and because it is not shown that respondent had possession of the premises or secured a deed on said certificates. These contentions have already been considered, and we might rest our further decision upon the point that nowhere does appellant indicate when he maintains the statute commenced to run; but we apprehend if we should do so we should shortly be confronted with a petition for a rehearing on the ground that counsel and court had overlooked the controlling question, so we will attempt to pass upon this question broadly at this time. It will be observed that the statutes to which we have referred provided for the county auditor issuing his warrant on the treasurer for a refundment of the taxes paid by the purchaser on a sale, in certain instances. Under § 84, supra, the reasons for issuing such warrant are stated to be either one of the following: When the sale is declared void by judgment; when any certificate or deed issued shall be set aside or canceled for any reason; in case of mistake or wrongful act of the treasurer or auditor by selling land upon which no tax was due at the time. And in § 88, supra, when any

sale is adjudged void, and in cases where, by the mistake or wrongful act of the treasurer or auditor, land upon which no taxes are due, or where taxes are paid on land not subject to taxation, or where subsequent to payment the entry has been canceled. It would seem that the statutes contemplated the refunding of the money in some instances without a judgment first being entered; but in the case at bar we are proceeding on the provisions relating to recovery where a judgment has been entered. Hence the statute cannot commence to run, at least until the entry of judgment declaring the tax or sale void. This action is not upon the judgment. The judgments are only evidence of the right to recover. Hence the ten-year statute of limitations relating to actions on judgments has no application. We do not determine whether the six-year statute of limitations, applicable to contracts, applies, because it is evidence that paragraph 2 of § 6787, Rev. Codes 1905, making the limit six years upon a liability created by statute, does apply. But that statute only commences to run from the date when the cause of action accrues, so we are confronted with the question as to when the cause of action relating to the two certificates involved in the one judgment accrued. It is insisted by respondent that it did not accrue until demand was made upon the board of county commissioners for a return of his money, with interest. As we have said, this question is not discussed by appellant, and it is therefore treated but briefly in the brief of respondent. To arrive at a determination of this question, it is necessary to consider some other provisions of law. The refund could not be made except upon the warrant of the county auditor. Sections 84 and 88, supra. Under the provisions of § 2414, Rev. Codes 1905, the county auditor is prohibited from drawing any warrant upon the county treasurer (except those for salaries of county officers), except upon the order of the board of county commissioners, signed by the chairman thereof and with the county seal affixed. We conclude from this that action by the board of county commissioners was a prerequisite to the issuance of a warrant by the county auditor in favor of the respondent. Until the action of such board, the fund would lie in the county treasury, subject only to a demand on the part of the respondent; and the only officials who could act upon such demand were the county commissioners as a board. It is not contended that there was any unreasonable delay in making such demand, and six years did

not expire after such demand before this action was brought. The county commissioners rejected respondent's claim. Until such rejection he had no ground for action. It therefore appears to us that the cause of action arose on the rejection of his demand. The money was rightfully in the hands of the county treasurer, and the board of commissioners did not take it on itself to act upon the matter in the absence of a demand. This made a demand imperative as a prerequisite to a recovery; and, where a claim against a county must be presented for allowance before suit, the statute of limitations does not run against such claim until its presentation and rejection by the body or board to which it is necessary to present the claim. 25 Cyc. 1204.; Shaw v. County Ct. 30 W. Va. 488, 4 S. E. 439; Caldwell County v. Harbert, 68 Tex. 321, 4 S. W. 607.

Some authorities hold that the claimant only has a reasonable time in which to make such demand, and that the question of the reasonableness of the time of demand depends upon the circumstances. Applying that rule to the case at bar, it is clear that, a demand having been been made immediately after knowledge of the existence of the judgments, it was made within a reasonable period of time.

Some other questions are suggested, but they are without merit.

The judgment of the District Court is affirmed.

BURKE, J., being disqualified, did not participate; W. C. CRAWFORD, Judge of the Tenth Judicial District, sitting in his place by request.