FEDERAL LAND BANK OF OMAHA, Appellant, v. BUFFALO COUNTY, Respondent.

(241 N. W. 613.)

(File No. 7163. Opinion filed March 15, 1932.)

*John M. Gurnett* and *Byron B. Oberst*, both of Omaha, Neb., and *Luby & Gartland*, of Huron, for Appellant.

*Harold Dean Brown*, of Gann Valley, for Respondent.

MISER, C. The Federal Land Bank of Omaha, appellant herein, is the mortgagee of certain lands in Buffalo county, owned

by Charles Menagh. On March 6, 1923, the county commission-, ers of that county attempted to annex those and other lands to Elvira school district and to Elvira civil township. This court, in Menagh et al v. Elvira School District et al, 50 S. D. 311, 210 N. W. 51, 53, opinion filed September 7, 1926, held that "the attempted annexation was a mere nullity, and all proceedings pursuant thereto by the school board and the taxing officers of the county were null and void." In 1925, while the foregoing action was pending, the land was sold to appellant by Buffalo county at tax sale for the sum of $835.65. A treasurer's certificate of tax sale was issued to appellant. After this court's decision holding the annexation proceedings void, Menagh paid to the county treasurer the sum of $326.20; that being the amount of the taxes for the years covered by appellant's certificate less the invalid school and township tax. The county treasurer called for redemption the certificate issued to appellant, paying to appellant the sum received from Menagh and leaving unpaid the balance of $509.45. Appellant applied for a refund of this sum, basing its claim on section 6793 of the Revised Code of 1919, amended by chapter 50, Laws 1927. The county commissioners of respondent county rejected the application. On appeal the circuit court rendered judgment in favor of Buffalo county. From that judgment, this appeal has been taken.

It is apparent that there is presented a question very similar to that presented in the case of Parrott v. Abernathy, 58 S. D. 603, 237 N. W. 900, 901. That case involved lands included in the same void annexation proceedings and sold at the same tax sale. The main difference is that in that case Parrott, who theretofore had no interest in or lien upon the lands, purchased an assignment of tax certificates in May, 1926, whereas, in the case at bar, the Federal Land Bank, appellant herein, is the owner of a mortgage on the land and itself purchased the land at tax sale in December, 1925.

Whether the Federal Land Bank would have been a mere volunteer had it paid, as mortgagee, the delinquent taxes illegally assessed against the land, is not presented by this appeal. Whether, as between the mortgagor and mortgagee the situation is different than it would have been had appellant paid the taxes, as mortgagee, need not be discussed. Instead of paying the delinquent taxes

and adding the sum so paid to the indebtedness secured, appellant purchased the land at tax sale.

It is perhaps true that the Land Bank was less the "mere volunteer" in the case at bar than was the certificate holder in the Parrott-Abernathy Case. The Land Bank had a lien on the land to protect. But the method it chose for protecting that lien unnecessarily imperiled its mortgagor's title. No reason appears, however, why this case as between appellant and respondent should not be ruled by that case, for appellant's claim for refund is based on its ownership of the certificate of tax sale. Appellant contended most earnestly on oral argument that it should not be so ruled and that such a ruling would be unjust. The decision in the Parrott-Abernathy Case was not arrived at without the most laborious investigation. As therein stated, the inequity of Buffalo county receiving from Parrott $1,201.29 and in repaying to him only $373.22 seemed so obvious that an exhaustive investigation was made to determine whether the assignee of the tax certificate might not have the relief which he sought. In that opinion this court discussed many authorities which, had their application been permissible, might have justified the granting of relief then sought.

But the three reasons which prevented their application in that case were equally controlling in this: First, without straining its language, section 6793 does not now provide for such refund; yet the Legislature has many times amended that statute, once in the year this land was sold and again in 1927. Second, the decision of this court in Miner v. Clifton Tp., 30 S. D. 127, 137 N. W. 585, quoted and followed in the Abernathy Case, holds that questions of considerations of public policy prevent, in the absence of statute, recovery back of taxes paid in ignorance of their illegality. Third, a search of every available authority discloses no precedent nor, what is more important, any reason which has not already been rejected by courts and text-writers as insufficient to justify upsetting the established law on the subject.

In the case at bar appellant supplements authorities heretofore considered with the following citations: Paine v. Dickey County, 8 N. D. 581, 80 N. W. 770; Sherwood v. Barnes County, 22 N. D. 310, 134 N. W. 38; Fry v. Morrison County, 136 Minn. 225, 161 N. W. 511; and Hayes v. Los Angeles County, 99 Cal. 74, 33 P. 766. In the two North Dakota cases, the applicable refund-

ing statute (Laws N. D. 1890, c. 132, § 84) provided that "in all cases where any such sale has been or hereinafter shall be so declared void, or any certificate or deed issued under such sale shall be set aside or cancelled for any reason * * * the money paid by the purchaser at the sale * * * shall, with interest * * * be returned to the purchaser * * * out of the county treasury." The difference between that statute and our section 6793 is so obvious as to entirely destroy the value of those cases as precedents. Moreover in the Dickey County Case, the land sold was government land, thus coming squarely within the refunding provisions of our section 6793. In the Minnesota case the question was whether a tax certificate purchaser, unquestionably entitled to refund of the amount paid for the certificate, was also entitled to refund of taxes subsequently paid. That situation is also expressly covered by our section 6793. In the California case the property was assessed twice; once to the owner, once to another. The owner paid the tax. It was thereafter sold for the tax assessed to the one not the owner. The court held that this brought it within the terms of a California statute providing for the refunding of "any taxes paid more than once."

A consideration of the cases cited by appellant adds emphasis to the reason first assigned for the affirmance of the judgment; that is, that despite the many amendments of what is now section 6793, the last of which, by chapter 50, Session Laws 1927, was subsequent to the tax sale in question and even subsequent to Menagh's redemption of a portion of his lands, the Legislature has not yet deemed it wise to modify its langauge so as to entitle appellant to the relief sought. The language of the statute remains :· "When real property has been sold * * * which at the time of its assessment was not taxable or upon which no tax was due at the time of sale, the county shall refund," etc.

Although Buffalo county had no right to assess the land for school and township taxes, the land was "taxable" and a "tax was due at the time of the sale."

The judgment appealed from must be, and it is, affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.