ASHLEY COFFMAN v. LONDON & NORTHWEST AMERICAN
MORTGAGE COMPANY and Others.[1]

June 29, 1906.

Nos. 14,785—(183).

**Action—Adverse Claims.**

The owner of a St. Paul city assessment certificate upon vacant land upon which notice .to eliminate the right of redemption has been given,

[1] Reported in 108 N. W. 840.

but who was not entitled to and had not received a formal deed because of his failure to pay subsequent assessments, cannot, on such claim of title, maintain an action to determine adverse claims against the owner of the fee.

Action in the district court for Ramsey county to determine the adverse claims of defendants to certain vacant and unoccupied land. The case was tried before Brill, J., who made findings of fact, and as conclusions of law found that plaintiff was the equitable owner of the premises and that defendants had no interest therein. From an order denying a motion for a new trial, defendant Josias N. Rogers appealed. Reversed and remanded with directions to dismiss the action.

*J. N. Rogers* and *Durment & Moore,* for appellant.

*Ashley Coffman,* pro se.

JAGGARD, J.

Substantially in the language of appellant's brief, this is an appeal from an order of the district court for Ramsey county, denying the motion of the appellant to have the decision in the foregoing action vacated and set aside and for a new trial therein.

The action in which this decision was rendered was one to determine adverse claims to a tract comprising some seventeen acres of vacant land within the limits of the city of St. Paul. The complaint was in the statutory form, alleging that title in fee was in plaintiff, that the land was vacant and unoccupied, and that the defendants claim some interest therein or lien thereon. Various of the defendants answered, among them the appellant, Josias N. Rogers, who put in issue plaintiff's claim of title and alleged fee title in himself to an undivided one-half part of the real estate in question and prayed "judgment accordingly." It was admitted upon the trial that the appellant Rogers was the owner of such undivided one-half interest, if the same had not been divested by the tax and assessment certificates upon which plaintiff rested his claim of title. These certificates were two in number. The tax certificate is eliminated from present consideration because of admitted insufficiency of notice of expiration of redemption. The record therefore presents the naked question as to whether plaintiff, who in his complaint has alleged legal title, and who appears simply to hold the assessment certificate, is entitled in this action to a judgment quieting

title against appellant who, with one of the other defendants, concededly holds the patent title.

We are of opinion that the plaintiff was not entitled to a judgment quieting title. It is not necessary and would be improper to here determine whether or not the assessment certificate and the proceedings upon which it is based were valid. It may be conceded that the certificate and proceedings were valid and that due notice had been given to eliminate the defendants' right of redemption. It appears, however, that the plaintiff has not complied with section 139 of the city charter, to the effect that, if property sold in the assessment proceedings shall not be redeemed, "a deed shall be executed to the purchaser * * * conveying to such purchaser * * * the premises so sold and unredeemed," providing he (1) section 139, "pay into the city treasury the cost of the notice of the expiration of the time of such redemption"; and (2) section 146, pay "all assessments made on the land prior or subsequent to the assessments under which such purchase was made." This last-named section further provides that:

> No purchaser of lands or lots or other property sold for assessments or his heirs or assigns shall be entitled to a deed until he or they have paid all such assessments.

It appears that there were assessments subsequent to the assessment under which plaintiff's purchase was made and that plaintiff had not paid them. In consequence he was not entitled to a final deed from the city and in fact no such deed was executed to him.

It is possible that there may be such a thing as an equitable title based upon an assessment proceeding upon which no final deed has been executed by the city, but there is no such title which would enable its owner to go into court and obtain an adjudication of title in himself as against the owner of the record title when he has failed to conform with such an essential requirement precedent as the payment of subsequent assessments. Where the statutes provide, as they formerly provided in this state, for the execution of a certificate at a mortgage foreclosure sale and for the execution of a deed after the expiration of the time of redemption, the holder of the certificate after that time may have an equitable title upon which he might secure relief, although the formality of the execution of the deed to which he was entitled might

not have been observed. But in such a case nothing substantial remained to be done by the mortgagor to complete his full estate in fee. In the case at bar, however, the very substantial matter of the payment of subsequent assessments, which was not at all in the nature of a formality, was an express condition precedent which must have been complied with before the holder of the assignment certificate became entitled to an assessment deed. Before the owner of such improvement certificate can maintain such an action as this he must have done equity by performing what was required in this behalf to obtain a deed or by showing sufficient excuse for nonperformance.

No excuse whatever is offered in this case. Inferentially it would seem that the city under the guise of benefits conferred first in effect confiscated the estate of the owner of the fee, and then confiscated the interest of the purchaser of the assessment certificate under the same guise by subsequent improvements. The owner of the fee is still entitled to the possession of the land. If, in the exercise of his right, he were in possession, the owner of the incomplete assessment title could not bring ejectment against him. What the assessment purchaser cannot do directly he will not be permitted to do indirectly by coming into equity on alleged equitable title, by there obtaining a judgment that the owner of the fee has no interest, and thereafter by bringing proceedings upon that judgment to obtain possession.

It follows that neither party is entitled to affirmative relief. The order is reversed, and the case remanded, with direction to the district court to amend its conclusions of law so as to provide for a dismissal of the action.