GEORGE GRAY v. CITY OF ST. PAUL.[1]

June 26, 1908.

Nos. 15,679—(210).

**Act Unconstitutional.**
Chapter 183, Laws 1907, which prohibits the maintaining of any action for the refundment of money paid for assessment sale certificates under the charter of the city of St. Paul after two years from the date when notice of expiration of the period of redemption could have lawfully been given, is unconstitutional as applied to the facts of this case; the same being in violation of the contract under which such certificates were sold by the city.

Action in the district court for Ramsey county to recover $1,846.73, the amount paid for the purchase of certain local improvement certificates issued by defendant which had been declared void in proper court proceedings. From an order, Kelly, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*P. J. McLaughlin* and *Bryan & Coffman,* for appellant.

*J. C. Michael* and *Louis R. Frankel,* for respondent.

LEWIS, J.

Certain local improvement certificates of sale were issued by the city in 1892 and 1894, which by assignment were transferred to appellant in this action. In October, 1907, the validity of all such certificates was called into question in a certain action, and it was adjudged that they were illegal and void. The present action was brought against the city for the purpose of recovering the amount paid for the certificates, with interest. The city demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained upon the ground that the time for commencing the action had expired under the provisions of chapter 183, p. 207, Laws 1907.

According to the charter provisions (sections 45–56, c. 7, pp. 352–355, Sp. Laws 1887), the certificates were subject to redemption by

[1] Reported in 116 N. W. 1111.

the owner, or any other person interested in the property sold, in five annual instalments, or at any time within five years from the date of the sale. At least three months before the time for redeeming expired the city treasurer was required to give notice thereof, and upon expiration of such time the purchaser was entitled to a deed upon payment of the cost of redemption notice and the subsequent and prior assessments. By section 50, c. 32, p. 590, Sp. Laws 1889, it was provided that, if a certificate should be adjudged void in any action in which its validity was questioned, then the holder thereof was entitled to a refundment of the amount paid with interest. Unless affected by the 1907 act, appellant's action against the city for refundment is governed by the six-year statute of limitations. Chapter 183, p. 207, Laws 1907, reads:

> That no action for the refundment or recovery of moneys paid on account of the purchase of any valid or invalid certificate of sale for a local improvement assessment, heretofore or hereafter issued by any city in this state now or hereafter having a population of over fifty thousand inhabitants, shall be maintained after the expiration of two years from the date when notice of expiration of the period of redemption of the property described in such certificate from the sale evidenced thereby could have lawfully been given. * * *

This act was approved April 13, 1907, and made to take effect and be in force from and after January 1, 1908. The question in the case is whether the act of 1907 is in violation of section 10, art. 1, and section 1, art. 14, of the constitution of the United States, and of sections 7, 8, and 11, art. 1, of the state constitution.

The learned trial court was of opinion that the act did not imperil any right possessed by the purchasers of the certificates under the laws in force at the time of the sale, that the act related wholly to the remedy, and that the legislature had the authority to enact and change a statute of limitations applicable to judicial remedies and to contracts already in force. The court was also of opinion, on the authority of Hill v. Townley, 45 Minn. 169, 47 N. W. 653, that what constituted a reasonable time after the act went into effect, within which to commence suits, rested in the sound discretion of the leg-

islature, and that the time fixed in this instance was not so manifestly short as to amount to a practical denial of justice.

In Otis v. City of St. Paul, 94 Minn. 57, 101 N. W. 1066, it was distinctly held that the city, though not a party to the action, was bound by a judgment declaring assessment proceedings invalid, and if the certificate of sale be adjudged invalid in any form of action, whether commenced before or after the limitation prescribed by the charter for bringing an action to test its validity, the right of refundment existed. The holder of the certificate does not come into court claiming any right under it, so far as title to the property is concerned, and in this respect the case differs from Coffman v. London & Northwest American Mort. Co., 98 Minn. 416, 108 N. W. 840. On the contrary, appellant rests his right to recover the money upon the fact that the city was unable to furnish him a title. The certificates were purchased under the express provision of the charter that if, at any time in any action within fifteen years the certificates should be declared invalid, then the city would reimburse the purchaser, with interest at seven per cent. Presumably the city found it necessary to hold out such inducements to the public in order to procure purchasers. Was it permissible for the legislature to authorize the city to disregard the contract by taking away important features of it and placing the purchaser in an entirely different position? Under the law as it then stood, the purchaser and his assignee were not required to take any action whatever, subject to fifteen years' limitation. They were permitted to rest upon the assurance that the certificates were valid. They were not required to take out a deed as a prerequisite to refundment. But, under the act of 1907, in order to save his investment, appellant was compelled to commence and conclude some proceeding within eighteen months to test the validity of the very proceedings upon which he formerly had a right to rely, in order to lay the foundation for recovering his money. He can no longer rest in security that his money will be returned if at any time within fifteen years, in any action, the proceeding should be adjudged void.

In our opinion this change is radical. It was not confined to the remedy alone, but was directed to the very essence of the contract. It swept away appellant's vested rights and impaired the obligations

of his contract. Baker v. Kelley, 11 Minn. 358 (480); State v. McDonald, 26 Minn. 145, 1 N. W. 832; Hillebert v. Porter, 28 Minn. 496, 11 N. W. 84; Fleming v. Roverud, 30 Minn. 273, 15 N. W. 119; State v. Foley, 30 Minn. 350, 15 N. W. 375; Comstock, Ferre & Co. v. Devlin, 99 Minn. 73, 108 N. W. 888.

For these reasons, we deem the law unconstitutional, and it is unnecessary to consider the other questions.

Reversed.