JOSEPH J. SLOCUM and Another v. JAMES McLAREN.[1]

October 22, 1909.

Nos. 16,247—(60).

**New Trial — Failure to Discover Statute.**

 An order denying a motion for a new trial, based upon the grounds of inadvertence and excusable neglect of counsel in not discovering a particular statute claimed to be applicable to the issues in the case, and the further ground of newly discovered evidence, *held* not an abuse of discretion.

**Act not Applicable to Perfected Tax Title.**

 Chapter 271, Laws 1905, requiring the record of tax titles to be made within six years from the date of the tax sale, has no application to titles which had been fully perfected prior to the passage of that act.

After the former appeal (106 Minn. 386) which affirmed the judgment of the district court for Swift county in favor of the defendant, plaintiffs moved to vacate the judgment and for a new trial on the ground of inadvertence and mistake and newly discovered evidence and surprise and error of law applicable to the case. The affidavit in support of the motion, in addition to stating what appears in the second paragraph of the opinion alleged that the action was tried at the November, 1907, term of court, that the findings were filed in March, 1908, that the certificate of sale, dated April 24, 1899; and notice of expiration of redemption were not filed

[1] Reported in 122 N. W. 871.

109 M.—4

for record in the office of the register of deeds of Swift county until March 23, 1908, and the date of record was not discovered until March 2, 1909. From an order, Qvale, J., denying the motion, plaintiffs appealed. Affirmed.

Owen Morris, for appellants.

S. H. Hudson, for respondent.

BROWN, J.

This action was brought to quiet title to a tract of land in Swift county, of which plaintiffs were the holders of the record title. Defendant relied in defense upon a tax title, and the validity thereof was the principal question litigated on the trial. The court below held the tax title valid, and ordered the entry of judgment to the effect that defendant was the owner of the land and that plaintiffs had no title or interest therein. Judgment was entered accordingly, and plaintiffs appealed. It was affirmed by this court in Slocum v. McLaren, 106 Minn. 386, 119 N. W. 406. Subsequently, after the cause had been remanded, plaintiffs, upon affidavits, moved the court below to vacate the judgment theretofore rendered and affirmed, and for a new trial of the action, on the ground of inadvertence and excusable neglect of counsel for plaintiffs, and on the further ground of newly discovered evidence. The motion was denied, and plaintiffs again appealed.

The tax judgment sale under which defendant claims title occurred April 24, 1899. On August 20, 1902, a notice of expiration of redemption in due form was issued by the county auditor and properly served on the following day. No redemption was ever made. Neither the certificate of tax sale nor the notice of expiration of redemption was filed with the register of deeds within six years from the date of the tax sale, as required by chapter 271, p. 407, Laws 1905. The inadvertence and excusable neglect relied upon by counsel in support of the motion for a new trial consists in the inadvertent overlooking or failure to discover the existence of this particular statute before the trial of the action in the court below; and the newly discovered evidence consists in the discovery of the statute since the trial, and the fact that the certificate

of sale and notice of expiration of redemption were not filed with the register of deeds within the time provided by the statute, viz., within six years after the date of sale.

The motion was addressed to the discretion of the court, and the discretion was not abused in denying it. The validity of defendant's tax title was practically the sole question litigated on the trial, and the failure of counsel to discover this particular defect in the title, if it be a defect, is not satisfactorily excused. The statute had been in force over three years at the time of the trial, and the records in the office of the register of deeds were open to inspection, from which it readily could be ascertained that the documents evidencing defendant's title had not been recorded. The most that counsel say in their affidavit is that they inadvertently overlooked the statute, and inadvertently failed to discover the failure to record the tax title documents. This simple showing is not sufficient to justify this court in characterizing the order denying the relief asked for an abuse of judicial discretion; and, moreover, it is quite clear that counsel's position in reference to the application of this statute is not sound. In other words, the failure to record the tax title papers is not fatal to the validity of the title. The tax sale took place, and defendant's title was fully perfected by proper notice of expiration of redemption, long before the passage of the statute. It can have, therefore, no application to the case, for the legislature could not by this method take from defendant his previously vested rights. State v. Krahmer, 105 Minn. 422, 117 N. W. 780; Gray v. City of St. Paul, 105 Minn. 19, 116 N. W. 1111.

Order affirmed.