## STATE ex rel. EMMA BRODIE v. EDWARD G. KRAHMER.[1]

### November 11, 1910.

### Nos. 16,947—(45).

**Right to have invalid tax certificate refunded.**

 The right of refundment in tax proceedings, where a tax title has been adjudged invalid for defects appearing upon the face of the certificate of sale or the prior proceedings, is controlled by the statutes in force at the time of the sale or when the certificate thereof was issued.

[1]Reported in 128 N. W. 288.

**Same — statute inapplicable.**
> Chapter 271, Laws 1905, has no application, and a failure to comply with
> its provisions does not affect the right of refundment, where the tax cer-
> tificate is held invalid for defects appearing upon its face or in the anterior
> proceedings.

Petition to the district court for Ramsey county for a writ of man-
damus against defendant, as auditor of that county, requiring him to
make and deliver to relator his order on the county treasurer for
the amount paid by a purchaser at certain tax sales and by the as-
signees of the state on taking certain assignment certificates. The
respondent answered that no notice of expiration of redemption had
ever been issued upon any of the tax certificates, and by reason of
want of such notice the certificates became void for all purposes.
The facts were stipulated. From the judgment entered pursuant to
an order, Olin B. Lewis, J., directing that the writ issue, respondent
appealed. Affirmed.

*Richard D. O'Brien* and *Patrick J. Ryan,* for appellant.
*James Schoonmaker,* for respondent.

BROWN, J.

Relator was the holder of certain tax sale certificates issued pur-
suant to tax judgment sales for the years 1890 and 1894. They
were all, in an action brought to test their validity, adjudged void
by the district court of Ramsey county, and relator demanded of
the proper officers a refundment under and pursuant to the provisions
of section 1610, G. S. 1894. Her demand was refused, whereupon
she brought this proceeding to enforce refundment. The court be-
low granted the relief prayed for, judgment was entered accordingly,
and respondent appealed.

Section 1610, G. S. 1894, the statute in force at the time relator
acquired her certificates provides that, in all cases where a tax sale
has been adjudged void and set aside, the holder of the certificate
of sale shall be entitled to a refundment from the proper county of
the amount paid with interest. This statute entered into and formed
a substantial part of the contract between relator and the county
in respect to the certificates of sale in question and rights thereunder,

and controls the right of refundment here involved. State v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A.(N.S.) 157. It does not affirmatively appear from the record before us upon what ground the certificates were adjudged void; but we take it, from the arguments of counsel, that they were invalid on their face, and for that reason set aside, and upon that theory we dispose of the question presented.

It appears from the record that relator never complied with the provisions of chapter 271, Laws 1905 (R. L. Supp. 1909, § 956—2), and respondent contends that she thereby forfeited and lost the right of refundment. In this we do not concur.

Relator's right of refundment, as already stated, was fixed by the statute in force when she obtained her certificate, the sole prerequisite of which, as thereby prescribed, was the adjudication of the invalidity of her title. And it was not competent for the legislature subsequently to impair her rights by adding other conditions or restrictions. State v. Krahmer, supra; Slocum v. McLaren, 109 Minn. 49, 122 N. W. 871; Gray v. City of St. Paul, 105 Minn. 19, 116 N. W. 1111. The act of 1905 can, therefore, have no application to the case. It simply provides that notice of the expiration of redemption shall be given within a certain time, and that the muniments of title shall be recorded in the office of the register of deeds, a failure to do which, the act declares, shall render the title void and of no effect.

Had the failure to comply with this statute been the ground upon which relator's certificates were adjudged void by the court below, a different question would have been presented. But such was not the ground of that adjudication, and we do not consider what effect a failure to comply with that act would have upon the right of refundment. The question is not before us.

Judgment affirmed.