## MARTIN V. HAVEL AND ANOTHER v. JAMES COSTELLO AND OTHERS.[1]

January 16, 1920.

No. 21,535.

**Cancelation of deed and mortgage — estoppel of plaintiffs.**

Plaintiffs, husband and wife, joined in the sale and conveyance of the land involved in the action, which at the time constituted their homestead; the grantee fraudulently caused the deed to be recorded in violation of an agreement not to do so until the purchase price of the property had been paid; he thereby defrauded plaintiffs for he never paid the instalment of the purchase price agreed upon; the grantee mortgaged the property to defendant Fitzgerald to secure the payment of $4,000, then loaned to him, and the mortgage was duly recorded: the loan of the money by Fitzgerald was bona fide, in reliance upon the validity of the title of the grantee, and without notice of the rights of plaintiffs. It is *held*:

(1) That on the facts stated plaintiffs are estopped to question the validity of the mortgage.

(2) That the inquiry made by defendant of the husband as to the rights of plaintiffs in or to the land, particularly stated in the opinion, was specific and clear, and put him to the disclosure of any claim then existing in their favor.

[1]Reported in 175 N. W. 1001.

(3) That separate inquiry of the wife, on the facts here disclosed, was not necessary.

(4) The evidence sustains the findings of the trial court and the facts found sustain the conclusions of law.

Action in the district court for Le Sueur county for an accounting; to have a certain deed canceled; to decree plaintiffs to be the owners and entitled to possession of the 80-acre tract; and to cancel two mortgages. The facts are stated in the opinion. The case was tried before Tifft, J., who made findings and as conclusions of law found that as to defendants, other than defendant Fitzgerald, plaintiffs were entitled to judgment decreeing plaintiff Martin V. Havel to be the owner in fee simple of the premises; that the deed to Costello was fraudulent and void; that, as between plaintiffs and defendant Ramsey County State Bank, its mortgage was not a bona fide lien; that as to defendant Fitzgerald defendant James Costello was the owner in fee of the premises described in the $4,000 mortgage at the time of its execution and delivery, and that the mortgage was a valid lien. From an order denying their motion for a new trial as against defendant Fitzgerald and particularly denying a new trial as against him of the issue of estoppel raised by him on the trial, plaintiffs appealed. Affirmed.

*H. E. Fryberger,* for appellants.

*D. E. Dwyer,* for respondent Fitzgerald.

BROWN, C. J.

Plaintiffs are husband and wife. The husband, Martin V. Havel, was the record owner of the land in controversy in the action, consisting of 80 acres near the village of Montgomery in Le Sueur county, and for a time. prior to November, 1916, resided thereon with his wife, and it constituted the family homestead. Some time during the month stated they moved from the farm to the village, where the husband carried on his business as a dentist, and with his wife took up his residence in a hotel building therein which he also owned. In January, 1917, he sold and conveyed the farm property to one James Costello, a defendant in this action, and the deed of conveyance in which the wife joined was delivered over to the grantee, Costello, who soon thereafter caused it to be recorded in the office of the register of deeds. Thereafter, in February, 1917, Cos-

tello applied to defendant Fitzgerald for a loan of $4,000, tendering as security for its repayment a mortgage upon the land. Abstracts of title were presented, which showed clear title in Costello, and subsequent negotiations resulted in the loan being made, and the execution by Costello and his wife to Fitzgerald of a mortgage upon the land as security. The mortgage was duly recorded. In April following plaintiffs brought this action to annul and set aside the conveyance to Costello, and the record thereof, and that plaintiffs be decreed the owners of the land free and clear of the Fitzgerald mortgage and certain adverse claims by the other defendants. The ground of the action was that the deed to Costello was procured by fraud, and was recorded by him in violation of an express understanding that it should not be recorded until the transaction had been completed by the payment of the purchase price of the property; and as against defendant Fitzgerald, that he knew or by proper inquiry could have ascertained the facts constituting the fraud, and of the rights of plaintiffs in and to the land, notwithstanding the appearances created by the recorded Costello deed, therefore, that he is not a good-faith mortgagee. Plaintiffs had judgment establishing their rights as against all the defendants except Fitzgerald, who prevailed on the ground that he was a bona fide mortgagee, and that plaintiffs are estopped to challenge the validity of his mortgage.

The facts are not in substantial dispute. Plaintiffs were cheated and defrauded by Costello who wrongfully recorded his deed, thus giving notice of record that he owned the land, when in fact he did not, the transaction not then having been completed. But defendant Fitzgerald was in no way involved therein; he was not a party to that transaction, nor advised of the fact that the fraud had been committed or the deed wrongfully recorded. He accepted the record as he found it and is entitled to its protection, unless he failed to make proper inquiry to learn the facts before making the loan. The court found as a fact that, at the time of the negotiations with Costello, Fitzgerald learned that plaintiffs had resided upon the land prior to November, 1917, but moved therefrom on the sixteenth of the month, leaving some articles of personal property thereon, creating in the view of his attorney a situation making necessary an inquiry as to what their rights were. And before completing the loan, the attorney, acting for Fitzgerald, on February 16,

1917, wrote and mailed to plaintiff Martin V. Havel the following letter of inquiry, namely:

"Dr. Havel,    Montgomery, Minn.

"Dear Sir:

I am examining the title to the E½ of the NW¼, Section 20, Township 111, Range 23, LeSueur County, Minnesota, for a client of mine who is making a deal with James Costello, who is shown by the abstract of title to the property to be the owner thereof. It appears this land was conveyed by you to Mr. Costello some time early this year, and I have inquired from Mr. Costello as to who is in possession at this time of the land, and he informs me that although you have moved off the farm, considerable of your personal property is still there. Under the law my client is chargeable with notice of the rights of a person in possession of the land, and although Mr. Costello informs me that you have no further claim to it, or interest in it, I feel it is our duty to make direct inquiry from you about the matter. I would therefore be greatly obliged if you will let me know if possible by letter mailed this afternoon, whether or not you now claim any right or interest in this land. I am enclosing herewith, a self addressed and stamped envelope, and wish to thank you in advance for such information as you may give me."

The letter was received by Dr. Havel on the day of its date, and on the same day he wrote and mailed to the attorney the following letter in response:

"Yours just received. In reply wish to state that Mr. Costello got the deed to the 80 acres about a month ago. I have some hay and some firewood and potatoes in cellar on the place to take off by April 1st. I will have everything off long before the 1st of April."

Upon the receipt of this letter by Fitzgerald's attorney the loan to Costello was completed and the money paid over to him. The mortgage upon the land to secure the same was properly executed by Costello and wife and was duly recorded on February 20, 1917. There is no claim that either Fitzgerald or his attorney knew anything about the transaction as the result of which the land was conveyed to Costello. Both proceeded in the loan to Costello in entire good faith and in reliance upon the validity of the Costello title.

This state of the facts, about which there is no serious controversy, will permit of but one conclusion. Fitzgerald performed every duty he owed to plaintiffs, at least to Dr. Havel by the inquiry made of him, and having failed in response thereto to disclose or claim any interest in the land, he cannot now be heard to set up the infirmity of Costello's title. Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851; Niles v. Cooper, 98 Minn. 39, 107 N. W. 744, 13 L.R.A.(N.S.) 49; Hafter v. Strange, 65 Miss. 323, 3 South. 190, 7 Am. St. 659; Gill v. Hardin, 48 Ark. 409, 3 S. W. 519; 10 R. C. L. 788. The suggestion is made by his counsel that Dr. Havel did not understand the purport of the letter, and therefore should not be held strictly to account for his failure in reply to state the facts now relied upon in attempted avoidance of the mortgage. The point is without special force. It appears that Dr. Havel is a man over 40 years of age, possessing general business qualifications; he had had other real estate transactions, and experience to some extent in matters outside of his business as a dentist. The letter of inquiry was couched in plain language, and put the direct request for information as to any right or interest he claimed in or to the land in terms that could not well have been misunderstood by a person of the most ordinary intelligence. It was sufficient to call from him an assertion of any claim he then had to the land. But he made none. On the contrary was careful to impress upon the mind of the inquirer for information that he would be entirely off the land long before April 1. He apparently placed the most explicit confidence and faith in Costello, and at the time he replied to the Fitzgerald inquiry believed that he would fully meet the terms of the sale and conveyance of the land to him. He is in no position to unload his disappointment and loss upon Fitzgerald, whose good faith in the matter stands unchallenged on the record. The conclusion of estoppel is therefore the only one the facts will warrant.

We do not see that Mrs. Havel occupies any better position. She had as against Fitzgerald no valid claim of title to the land or of any specific interest therein. Although she may have contributed some of the purchase price when the land was originally acquired, the title with her acquiescence had been vested in her husband, and he was of record the sole owner, and both joined in the conveyance to Costello. And, unless separate inquiry as to her rights was necessary, she is equally estopped.

Goldberg v. Parker, 87 Conn. 99, 87 Atl. 555, 46 L.R.A.(N.S.) 1097, Ann. Cas. 1914C, 1059; Ann. Cas. 1914C, 1059, and cases cited in the note. The rule is the same, although the property may have constituted the family homestead. Bullock v. Miley, 133 Minn. 261, 158 N. W. 244. But it seems clear that separate inquiry of Mrs. Havel as to her rights or interest in the property was unnecessary. She had parted with the homestead interest by the deed to Costello, and was not either in the actual or constructive possession of the property. She moved therefrom in November and did not return until some time late in March, long after the rights of Fitzgerald had accrued. This is not a disputed fact on the record. There was in fact no actual occupancy or possession of the property by either husband or wife, though the constructive possession, according to the findings of the trial court, was in the husband, and sufficient as notice of his rights to all parties dealing with Costello. Plaintiffs, so far as the record discloses, were living amicably together, and there is no suggestion of a purpose, secret or otherwise, on the part of her husband to cheat or otherwise deprive her of any right she might have had in the land. In that state of the facts separate inquiry of her was unnecessary. Coles v. Yorks, 28 Minn. 464, 10 N. W. 775.

This disposes of the case and further elaboration or discussion is unnecessary. Order affirmed.