## MERCHANTS NATIONAL BANK OF CROOKSTON v. MOSES GILLER AND ANOTHER.[1]

March 27, 1925.

No. 24,563.

**Wife estopped against resisting foreclosure of mortgage on homestead.**
    A wife, having executed a note and mortgage on the homestead and intrusted them to her husband without restrictions on their use, cannot resist foreclosure by denying her husband's authority to use the note and mortgage as security for credit given him by a bank on the faith thereof.

*Headnote. See Estoppel, 21 C. J. p. 1068, § 27; p. 1175, § 179.

Action in the district court for Polk county to foreclose a mortgage. The case was tried before Watts, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*Halvor Steenerson* and *Theodore F. Neils*, for appellants.
*F. A. Grady* and *Alexander Fosmark*, for respondent.

STONE, J.

Action to foreclose a mortgage on appellants' homestead. After a decision against them below, defendants, husband and wife, appeal from the order denying them a new trial.

[1]Reported in 203 N. W. 227.

The note bears date of July 22, 1915, is for $8,000 and matured September 22, 1915. The payee and mortgagee is A. D. Stephens who was the president of plaintiff, a national bank now in the hands of a receiver. The defense is alleged payment of the mortgage debt.

The finding upon which rests the decision for plaintiff is that the note and mortgage were taken by Mr. Stephens, not as security for any one loan, but as collateral to an open line of credit, not to exceed $8,000, which plaintiff agreed to extend to defendant Moses Giller. Such credit was so extended from time to time, occasionally for a larger but usually for a smaller amount than $8,000. Finally, when the bank was closed, there was a balance due it from Giller of $5,500 and some interest.

The finding that the arrangement testified to by Mr. Stephens was made between himself and Giller is well borne out by attending circumstances. The note and mortgage were delivered to the bank as soon as executed, and yet Giller was not credited with the proceeds of the note as he would have been had it evidenced a loan. On the contrary, at about that time, he procured loans aggregating $7,000 for which he gave his individual short time notes. The operation was repeated frequently, old notes being paid in cash or by renewals and new loans made to Giller from time to time as required by the exigencies of his business. In fact, as to him, no serious attack can be made upon the finding that the note and mortgage were given for the purpose claimed by Mr. Stephens— collateral generally to Giller's indebtedness to plaintiff. It is not very significant that, when the note was received, it was entered on plaintiff's discount register and thereon noted as "paid" under date of August 27, 1915. No money was received on the note then or at any other time. Defendants themselves make no claim of payment before October 15, 1919.

As to Mrs. Giller, the situation is somewhat different. Mr. Stephens does not claim that she was a party, directly, to the agreement making the note and mortgage security generally for her husband's indebtedness to the bank. Taking the evidence most favorable to Mrs. Giller, it still forces the conclusion that she signed both note and mortgage at her husband's request and put them

into his hands without restrictions upon their use. It is another case where "she left the negotiations as to these monetary and financial matters to him. If he deceived her, that is a matter to be settled between themselves." Esty v. Cummings, 75 Minn. 549, 78 N. W. 242. See also Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870, 4 L. R. A. 333, 16 Am. St. 683, and Staples v. East St. Paul State Bank, 122 Minn. 419, 142 N. W. 721. Under the circumstances of this case, we are not at liberty to interfere with the finding that, whatever the agreement between Stephens and Giller, Mrs. Giller is bound because of the authority with which she clothed her husband.

The argument for defendants, that the decision results from the improper use of parol evidence to vary and control the terms of the note and mortgage, overlooks the exception to the parol evidence rule which permits, in such cases as this, the use of such evidence to show the existence and nature of the consideration, if any.

Order affirmed.