## OLIVE IDA SMITH v. ROLLO N. CHAFFEE AND OTHERS.[1]

March 28, 1929.

No. 27,231.

*Baldwin, Baldwin, Holmes & Mayall,* for appellants.
*Theodore Hollister* and *Lathers & Hoag,* for respondent.

STONE, J.

In this action to determine the ownership of a real estate mortgage, the decision was for plaintiff, and defendants Rollo N. Chaffee and Northern Title Company appeal from the judgment. Defendant Ward stands indifferent to the result and is not a party to the

[1]Reported in 224 N. W. 458.

appeal. The mortgage has been foreclosed and a redemption made. The money paid on redemption is in the court's custody and stands in lieu of the mortgage. But it will serve convenience to consider the mortgage itself as remaining the thing in issue.

The mortgage was executed February 23, 1926, by one Wegen, the then owner of the property, which is located in Lake county. The money loaned was plaintiff's and not that of her husband, Charles S. Smith, who negotiated the loan for Wegen. At the same time he procured $10,000 on two other mortgages, both senior to the one taken by plaintiff and both controlled by defendant Chaffee.

In October of 1926, it appeared that Wegen would default on the indebtedness secured by these mortgages. Some time before October 13, there was a conference between Charles S. Smith, plaintiff's husband, and defendant Chaffee, whose interests are identical with those of the Northern Title Company. Chaffee suggested to Smith that there was a possibility that Wegen might plead usury successfully as against plaintiff's mortgage but that by a proper manipulation of the situation, which he was competent to handle, that result could be prevented. To that end, according to Smith's testimony, a written agreement was made, October 13, 1926, between himself and Chaffee. Plaintiff was not even ostensibly a party to it. But it recited her $7,500 mortgage, and Smith undertook to have that mortgage assigned to defendant Ward, to be foreclosed by him "pursuant" to stated conditions, which it is not necessary to detail. It is enough that under the contract $4,000 of the money, in case of redemption, would belong to defendant Northern Title Company, in return for which plaintiff would be entitled to an interest in certain real estate. The defense is that the contract of October 13, 1926, between Smith and Chaffee should be enforced. Plaintiff's claim, upheld by the decision below, is that she is not affected by that contract because not a party to it.

Although not a party, plaintiff did assign her mortgage to Ward. It has been foreclosed and the debt paid by the redemption. Plaintiff knew nothing of her husband's contract with Chaffee and asserts that she assigned the mortgage only for the purpose of foreclosure,

and collection if possible. From plaintiff's assignment of the mortgage to Ward, which was put into the hands of her husband, defendants claim an ostensible authority in him to use it as he saw fit. They invoke the rule of Merchants Nat. Bank v. Giller, 162 Minn. 391, 203 N. W. 227, to subject plaintiff to an estoppel to deny her husband's authority to use her mortgage in discharge of his own contract with Chaffee.

That issue was resolved adversely to defendants by the decision below, and we think on evidence which gives it reasonable and therefore sufficient support. There is testimony justifying the conclusion that Chaffee knew, or at least had good reason to suspect, that plaintiff was to be kept in the dark and her mortgage procured and used without any disclosure of the use to which it was to be devoted. In other words, there is evidence that Chaffee did not act in good faith and hence is not in a position to claim the benefit of an estoppel. An "estoppel can be invoked only by the innocent." Macomber v. Kinney, 114 Minn. 146, 154, 128 N. W. 1001, 130 N. W. 851.

The foregoing disposes of the controlling issue, so we need not consider the assignments of error in detail. They present no cause for reversal.

Judgment affirmed.