ROCHESTER LOAN & TRUST COMPANY v. LILLIAN B. FRASER.[1]

March 3, 1933.

No. 29,205.

*Frederic A. Pike,* for appellant.
*Burt W. Eaton,* for respondent.

STONE, JUSTICE.

Ejectment, tried without a jury to a decision for plaintiff. Defendant appeals from the judgment.

The involved Rochester residence property was formerly owned by Thomas Fraser. In October, 1917, being then their homestead, Fraser and defendant, his wife, mortgaged it to one Palmer to secure a debt of $3,150. That mortgage was foreclosed and the property sold in March, 1923, to a Mrs. Anderson, sister of defendant. In March, 1924, redemption was made by one Spencer under a judgment recovered in the enforcement of a lien for labor performed and material furnished in repair of the dwelling. Spencer, in making the redemption, paid $4,431.56 to the sheriff and took the usual certificate of redemption. No question is made as to the legal efficacy of the Spencer redemption.

William C. Fraser, a brother of Thomas Fraser, to whom the latter was already indebted for something over $3,000, furnished Spencer the money wherewith the latter made the redemption. March 29, 1924, Spencer, unmarried, conveyed the property to Wil-

[1] Reported in 247 N. W. 241.

liam C. Fraser. April 19, 1924, William C. Fraser borrowed of plaintiff $5,000, the latter taking as security a mortgage upon the premises. That mortgage was foreclosed and the property bid in by plaintiff at the foreclosure sale May 27, 1929. The sheriff's certificate of sale was executed to plaintiff and promptly recorded. No redemption has been made, and the time for redemption has long since expired. There is nothing to qualify the absolute title thereby vested in plaintiff.

This brief history shows that the legal title is in plaintiff. Conceding the validity of every link in plaintiff's chain of title, defendant nevertheless insists that she is entitled to possession. Her claim is that the Spencer redemption from the Palmer mortgage was made by William C. Fraser for the benefit, and as trustee for, his brother Thomas, defendant's husband. Neither William C. nor Thomas Fraser being a party, their rights were not litigated. Plaintiff loaned the $5,000 to William C. Fraser and took his mortgage in good faith, without actual notice or knowledge of adverse claims by defendant or anyone else. But defendant was in possession, and so plaintiff is charged with notice of her title, if any, subject to the question whether plaintiff was under any duty to make separate inquiry of her. Inquiry of her husband, through whose title she claims, would have yielded nothing. See Havel v. Costello, 144 Minn. 441, 175 N. W. 1001.

It is impossible to find after the foreclosure of the Palmer mortgage, and the Spencer redemption therefrom, any title or vestige of title in defendant. The foreclosure of the Palmer mortgage and redemption by a junior lien holder put an end to the title of both mortgagors, Thomas Fraser and his wife. Canty v. Bockenstedt, 170 Minn. 383, 389, 212 N. W. 905. Nothing has happened to reinvest either of them with either legal or equitable title.

William C. Fraser made explicit testimonial denial that the Spencer redemption was for the benefit of Thomas Fraser. He said that he made it on his own account with the view to recovering his preëxisting claim of $3,000 against his brother Thomas. But, stating defendant's claim as strongly in her favor as possible, she can-

not escape the fact that she and her husband both signed the Palmer mortgage and that through the foreclosure thereof already dealt with both of them were divested of all the title they had. She claims to have known what was going on. She must have known that somebody was furnishing the funds required for the redemption. If she knew that, and with the knowledge stood idly by while plaintiff was advancing $5,000 to William C. Fraser on the faith of the title, she cannot now assert any adverse claim. Merchants Nat. Bank v. Giller, 162 Minn. 391, 203 N. W. 227.

Defendant claims solely as the wife of Thomas Fraser. So if the latter has no claim of title, defendant can have none. Without putting decision on that ground, there is much to be said for the opinion expressed below, that inasmuch as defendant is seeking the advantage of an equitable title she can expect nothing from her claim without doing equity. There is no suggestion that either defendant or her husband are either willing or able to make good to plaintiff the amount of money which it loaned to William C. Fraser (on defendant's theory) for the benefit of herself and her husband, an advance made on the faith of the title which defendant and her husband had vested in William C. Fraser.

Judgment affirmed.

OLSEN, JUSTICE, took no part in the consideration or decision of this case.