Joseph LEONZAL, Ann Leonzal and Gene Leonzal, Plaintiffs,

v.

George O. LETHERT, District Director of Internal Revenue, United States of America, and Estate of Sam Slafsky, Deceased and Theresa B. Slafsky, individually and as executrix of the Estate of Sam Slafsky, Deceased, Defendants.

Civ. No. 5-63-74.

United States District Court
D. Minnesota,
Fifth Division.

Jan. 15, 1964.

John D. Durfee, Duluth, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., and Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., for defendant United States.

DONOVAN, District Judge.

This motion by the United States of America to dismiss arises out of plaintiffs Leonzals' prayer for:

1. An injunction restraining the United States of America from selling property and asking the Court to decree that a prior mortgage foreclosure sale is null and void, or

2. In the alternative for an order decreeing title to the real estate in plaintiffs' name.

The facts will be summarized. Sam Slafsky, decedent, during his lifetime in 1946, 1947 and 1948 failed to pay income taxes in the principal amount of $18,556.22. A claim for this tax was duly filed by the United States with the

Probate Court of St. Louis County after the commencement of a probate of Slafsky's estate. The property in question was initially entered in the probate inventory valued at $35,000.00; but subsequently the valuation was amended to zero indicating a mortgage foreclosure by mortgagees Ruth Sher Abrahamson, executrix of the estate of Joseph Sher, deceased, and Libby Sher. A foreclosure sale was held June 8, 1962, at which sale the purchasers were the mortgagees above-named who purchased the property for $5,061.32. Thereafter, pursuant to law,[1] the United States of America as a creditor made timely redemption from the foreclosure sale, the mortgagor did not redeem. The United States then sought as fee owner of said real estate to sell the property at auction.

Plaintiffs' action for injunctive relief alleges a contract with the mortgagees to purchase said property and further alleges a belief that Theresa B. Slafsky, widow of Sam Slafsky, would take steps to redeem the property or extend the time for redemption so that plaintiffs could effectuate a redemption and a conveyance from Theresa B. Slafsky through Sher and Abrahamson to themselves.

The United States removed the cause to Federal court.[2] Said removal was followed by the instant motion to dismiss on the following grounds:

1. The United States has not consented to be sued in this instance, and

2. The complaint fails to state a cause of action upon which relief can be granted against the United States by reason of plaintiffs' lack of showing of sufficient interest in said premises to commence such an action.

Has the United States waived its sovereign immunity in this action?

Title 28, United States Code, § 2410, governs and limits waiver by the United States of its sovereign immunity in real estate matters:

"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

It will be observed that the statute limits the waiver of governmental immunity to actions to quiet title or to mortgage foreclosure actions in which the United States has or claims a mortgage or other lien in the premises in question. In the instant action, the United States claims no lien, rather a fee interest derived from a redemption.[3] It has long been the law of the State of Minnesota that a party redeeming from a judicial sale takes the interest of a purchaser for value.[4] It is clear in addition that the fee title of the United States cannot be affected by the agreement of third parties.[5]

In the case at bar, it is obvious that the United States has complied with the applicable law of Minnesota Statutes Annotated § 550.30 et seq. having filed its notice of intention to redeem and having redeemed within the time allotted by law. Neither the owner of the premises, Theresa Slafsky, nor the estate of Samuel Slafsky, deceased, made any attempt to redeem. In the interest of clarity, it

1. Minnesota Statutes Annotated § 550.30 et seq.

2. Title 28, United States Code Annotated §§ 1444 and 2410.

3. See Minnesota Statutes Annotated § 550.30 et seq.

4. Rochester Loan & Trust Company v. Fraser, 188 Minn. 346, 247 N.W. 241; Ahern v. Freeman, 46 Minn. 156, 48 N.W. 677; Martin v. Bovey, 30 Minn. 537, 16 N.W. 449.

5. Swanson v. Realization & Debenture Corp., 70 Minn. 380, 73 N.W. 165.

should be added that no agreement entered into between the Leonzals and the purchasers at the mortgage foreclosure could have any effect on the title of the United States.[6]

Do complainants Leonzals state a claim upon which relief can be granted?

■ In accord with the terms of Title 28, United States Code, § 2410, supra, it is not contended that plaintiffs seek to foreclose a mortgage, the only possible claim of plaintiffs is that theirs is an action to quiet title. In order to quiet title, a party must have an interest in the premises.[7]

■ In the instant case, Leonzals claim the property by reason of their payment to the mortgagees of the amount due pursuant to the foreclosure sale. Further, they allege that Theresa Slafsky, individually and as executrix of the estate of Samuel Slafsky, mortgagor of the property, agreed to sell the property to plaintiffs. As in Rochester, supra, Mrs. Slafsky having failed to redeem from the mortgage foreclosure sale, cannot claim an interest and any claimant of her interest can only stand in her shoes. The interest of the United States by reason of its redemption precludes the Slafsky claim and thereby also precludes Leonzals' claim to interest. Therefore, Leonzals having no interest nor possessory right to the premises in question are not proper parties to bring an action to quiet title under Minnesota law.[8]

Assuming all other possible basis for jurisdiction in the Federal court over the United States and/or the District Director, no possible Federal jurisdiction is found to exist.

Title 28, United States Code, § 1340, provides in part:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue * * *."

To determine whether the instant action arises in the proper form, it is necessary to look to the words of the complaint.[9]

■ In the instant case, the plaintiffs' allegation is bottomed on the validity of a notice of the intention to redeem filed by the United States and the steps the plaintiffs took which they assert would extend the time for redemption by them or Mrs. Theresa Slafsky. This view of the complaint is reinforced by the terms of the plaintiffs' prayer. The prayer asks either that the mortgage foreclosure sale be adjudged null and void, or that plaintiffs be adjudged the owners of the real estate subject only to the proper liens of the United States. These are questions of State law. The plaintiffs make no allegations respecting the validity of the asserted income tax lien or of the original tax debt. The probing of the complaint goes only to the validity of the judicial sale.

This same theory would likewise negate the jurisdiction of the Federal court under Title 28, United States Code Annotated § 1331, relating generally to the required presence of a federal question in order to invoke Federal jurisdiction. Finally, the last basis of Federal jurisdiction which can be assumed on behalf of the plaintiffs is jurisdiction relating to property taken or detained under any

6. Minnesota Statutes Annotated § 550.-30 et seq.

7. Canty v. Bockenstedt, 170 Minn. 383, 212 N.W. 905; Manwell v. Levee Dist. No. 1, Pub. Housing Admin., D.C.N.D.Cal., 165 F.Supp. 439.

8. Jellison v. Halloran, 40 Minn. 485, 42 N.W. 392; Coffman v. London & Northwest American Mortgage Co., 98 Minn. 416, 108 N.W. 840.

9. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; United States v. Coson, 9 Cir., 286 F.2d 453.

revenue law.[10] Here also the elements of jurisdiction are wanting since the facts as alleged by plaintiffs clearly show that the interest of the United States was acquired solely through the State's statute relating to redemption by a creditor.

Based on the foregoing, the motion for dismissal of said action may be and the same is granted.

It is so ordered.

Plaintiffs are allowed an exception.

Frank J. Violanti, Tax Division, U. S. Dept. of Justice, Washington, D. C., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., for petitioners.

Fred L. Rosenbloom and Samuel D. Slade, Philadelphia, Pa., for respondent.

10.  Title 28, United States Code Annotated, § 2463.